TILLMAN PEARSON, Judge.
The original plaintiff, Fontainebleau Hotel Corporation, appeals a final decree awarding injunctive relief to an inter-venor, Central Taxi Service. The decree is in.two parts as follows:
“ORDERED, ADJUDGED and DECREED as follows:
“1. That the Chief of Police of the City of Miami Beach, is ordered to leave the taxi stand in front of the Fontainebleau Hotel, North of 44th Street on Collins Avenue, in its present location.
“2. That the State Road Department of the State of Florida and Metropolitan Dade County, and all agents, employees and servants of both the State Road Department and Metropolitan Dade County, are hereby enjoined from taking any action regarding the removal or relocation of the taxi stand in front of the Fontaine-bleau Hotel, North of 44th Street on Collins Avenue, until further order of this Court.”
The appellant attacks only that portion of the final decree contained in paragraph two upon the ground that a court of chancery does not have the power to enjoin persons not parties to the cause. We must agree. See South Dade Farms, Inc. v. Peters, Fla.1956, 88 So.2d 891 and Alger v. Peters, Fla.1956, 88 So.2d 903.
It is apparent upon the reading of this record that the chancellor deemed that he had made the State Road Department and Metropolitan Dade County parties to the cause but that he failed to enter a written order pursuant to Rule 1.18 [1] Florida Rules of Civil Procedure, 30 F.S.A. Upon this state of the record it is necessary for us to reverse so much of the final decree as is contained in paragraph two and remand the cause for further proceedings consistent with this opinion.
The decree is reversed in part as above set out and remanded for further proceedings in compliance with the rule designated.
Reversed and remanded.

. Rule 1.18 Florida Rules of Civil Procedure provides:
“Misjoinder of parties shall not be ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.”