BARKDULL, Judge.
By this interlocutory appeal, we are called upon to review the propriety of an injunction entered subsequent to a final judgment in a common law action, which injunction purportedly was in aid of execution. The injunction enjoined the judgment debtors, as stockholders in a corporation not a party to the suit, “ * * * from secreting, transferring or hypothe-cating any of the assets in the name of Street, Greenfield & Furman, P. A., or from withdrawing or making any payments from any corporate bank accounts of Street, Greenfield & Furman, P. A., unless said payments are for ordinary and necessary business expenses, * *
Although the matter was not called to the attention of the trial court by either party, we find that it was without jurisdiction to issue an injunction in a common law action, interfering with the assets of a corporation and the rights of third party stockholders who are not parties to the action. See: South Dade Farms, Inc. v. Peters, Fla. 1956, 88 So.2d 891; Alger v. Peters, Fla. 1956, 88 So.2d 903; Fontainebleau Hotel Corp. v. City of Miami Beach, Fla.App. 1965, 172 So.2d 255.
 Even though proceedings supplemental to execution may have been commenced, it does not appear that there is any statutory authority for a trial judge in a common law action to issue an injunction of the nature involved herein. We have examined the provisions of Ch. 55, Fla.Stat., and particularly § 55.60, Fla.Stat., F.S.A. relative to supplemental proceedings and it appears that, although the trial judge would have the authority to “subject any property or property rights of any defendant to the satisfaction of any execution against him.”, this was not the purported purpose of the order in the instant case. The assets of the judgment debtors were the stock in the corporation and a levy had been accomplished on this stock. Counsel for the appellees has shown us no authority to the contrary, supplemental proceedings being entirely statutory and, until this express authority is granted, we find no basis for the type of injunctive order issued. See: Reese v. Baker, 98 Fla. 52, 123 So. 3; 13 Fla.Jur., Executions, §§ 133, 134.
Because of our disposition of this case, as above set forth, we do not reach the *528 determination as to whether or not the provisions of § 222.11, Fla.Stats., F.S.A., are applicable to a corporation formed pursuant to Ch. 621, Fla.Stat., F.S.A. Therefore, this opinion is not to be construed as ruling on this point.
Therefore, so much of the order here under review as grants the injunction above set forth be and the same is hereby reversed.
Reversed.