PER CURIAM.
The issues involved in this appeal are best illustrated by a recitation of the factual background against which the opposing claims arose.
An accident occurred on a construction site which killed two men and injured others. The apparent cause was a defective crane cable or a malfunction of the crane owned by All Purpose Crane, Inc., the real appellee in interest here.
The worker’s compensation insurance carrier and one of the subcontractors sought to enjoin All Purpose Crane from the normal use of the crane until various parties could test and inspect it. A temporary injunction was issued without notice and a hearing was set. At that hearing the court issued a *607 permanent injunction on the crane cable, requiring a $12,000 bond, and a temporary injunction on the crane itself, requiring a $14,000 bond. All Purpose Crane moved for clarifications, dissolution of the temporary injunction, modification of the permanent injunction and forfeiture of the bonds.
The injunction on the crane was dissolved and subsequently the court awarded $14,000 in damages to All Purpose Crane, but denied attorney’s fees and costs.
The moving parties appeal the award of damages and All Purpose Crane appeals the denial of. attorney’s fees. This case presents a multitude of problems. We discuss the two major ones briefly in order that our ultimate resolution of the issues will be unmistakably clear.
The first problem is that appellee, All Purpose Crane, was never a party to the action in the lower court. A court is without jurisdiction to issue an injunction which would interfere with the rights of those who are not parties to the action. An injunction can lie only when its scope is limited in effect to the rights of parties before the court. Fontainebleau Hotel Corp. v. City of Miami Beach, 172 So.2d 255 (Fla. 3d DC A 1965); Street v. Sugarman, 177 So.2d 526 (Fla. 3d DCA 1965). Moreover, as far as we can tell from the record, there is no underlying litigation involving any of the parties to this appeal. We therefore have an appeal from an order entered as the result of various hearings pertaining to injunctions but unrelated to any suit between the parties.
The second problem is that we have not had the benefit of a single citation of authority for the proposition that injunctive relief is appropriate to preserve physical or real evidence prior to commencing a lawsuit. Cf. Rule 1.290, Florida Rules of Civil Procedure, which permits depositions before action. Our independent research uncovered no cases under Rule 1.610, Florida Rules of Civil Procedure, nor its counterpart, Rule 65, Federal Rules of Civil Procedure, that even remotely considered such a possibility. The easy answer, and we are convinced that it is the correct one, is that the proposition is totally wrong. Even a cursory reading of the texts on injunctions, their function and scope and the requirements which must be met before injunctive relief may be granted, convinces us that any and all injunctive relief granted in these proceedings was inappropriate and improper.
The parties should have utilized the mechanism provided in Rule 1.350(a)(2), Florida Rules of Civil Procedure, to examine and test the cable and the crane, with recourse to Rule 1.380, Florida Rules of Civil Procedure, if the owner had been recalcitrant.
Having determined that injunctive relief was inappropriate, we reverse the order of the trial court containing a finding to the contrary. We affirm the award of damages to the aggrieved appellee. We reverse the trial court’s refusal to allow costs and attorney’s fees and remand with instructions (1) to vacate any remnants of injunctive relief that may be extant, and (2) to award costs and reasonable attorney’s fees to appellee, All Purpose Crane, both at the trial and the appellate levels.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
HERSEY, HURLEY and WALDEN, JJ., concur.