PER CURIAM.
This matter is before the Court upon the petition of The Florida Bar, acting through its Civil Procedure Rules Committee (petitioner), to modify Florida Rules of Civil Procedure 1.220(b).[1] The petition for modi *96 fication is opposed, principally by the Consumer Protection Law Committee of The Florida Bar (respondent). Florida Rules of Civil Procedure 1.220(b) was promulgated by this Court as an emergency rule in connection with its review of the constitutionality of Section 711.12(2), Florida Statutes (1975), and Section 718.111(2), Florida Statutes (Supp.1976), in Avila. South Condominium Association, Inc. v. Kappa Corporation, 347 So.2d 599 (Fla.1977). Because of the matters raised in its petition and brief herein, petitioner sought to intervené on rehearing in Avila. The petition for intervention and for rehearing was denied. However, due to the substantiality of the assertions made by petitioner, we directed that these proceedings be entertained in a separate docket with opportunity for all interested parties to be heard. We have jurisdiction pursuant to Article V, Section 2, Florida Constitution.
The competing positions of petitioner and respondent can be characterized as follows: (i) Petitioner maintains that Rule 1.220(b) is unnecessary in view of the repeal in 1976 of Section 711.12(2), Florida Statutes (1975), and enactment of Section 718.111(2), Florida Statutes (Supp.1976); (ii) respondent asserts that not only is the rule necessary, but it is essential to foster the public policy enunciated in both the 1975 and 1976 legislative enactments once this Court invalidated portions of each statute which dealt with practice and procedure. Petitioner suggests that although Section 711.12(2), Florida Statutes (1975), and to a lesser degree, Section 718.111(2), Florida Statutes (Supp.1976), represented an unconstitutional incursion by the legislature into the Court’s rule-making prerogative, nevertheless the Court in Avila intruded the realm of the legislature by invalidating all but the first two sentences of each section and enacting Rule 1.220(b). It is contended that “capacity” to sue is a matter of substantive right which is the prerogative of the legislature and that, at least, Section 718.111(2), ■Florida Statutes (Supp.1976), went no further than to create capacity in condominium associations. Petitioner concedes that even the 1976 enactment of the legislature requires some delicate surgical excision to reach this constitutional result.
Having laid this predicate petitioner then argues that the postoperative version of Section 718.111(2), Florida Statutes (Supp.1976), creates capacity in favor of condominium associations avoiding the impediment created by the decisions in Wittington Condominium Apartments, Inc. v. Braemar, 313 So.2d 463 (Fla. 4th DCA 1975), and Hendler v. Rogers House Condominium, Inc., 234 So.2d 128 (Fla. 4th DCA 1970)[2] and, consequently, nothing in addition to Florida Rules of Civil Procedure 1.220(a) is necessary to vindicate the interests of condominium unit owners through the vehicle of a class action. This is so because once capacity is created the application of existing case law under Rule 1.220(a) will determine the standing of a particular condominium association to maintain a class action under particular factual situations. See Frankel v. City of Miami Beach, 340 So.2d 463 (Fla.1976), and Harrell v. Hess Oil and Chemical Corp., 287 So.2d 291 (Fla.1973). Petitioner argues that this analysis and conclusion offers the advantage of preserving the body of case law which has developed with respect to interpretation of Rule 1.220(a) when a condominium association seeks to maintain or defend a class action. To do otherwise, it is argued, will lead to uncertainty and a multiplicity of appeals in the future where condominium associations are concerned. More importantly, petitioner asserts that individual unit owners who do not wish to be bound as plaintiffs or defendants in a class action maintained by their condominium association will be better served by adhering to the traditional rule.
*97 On the other hand, respondent asserts that the rule is necessary and that public policy is advanced by expressly declaring condominium association members a class as a matter of law without the necessity for pleading or proving the traditional seven class action elements enunciated in Frankel and Harrell, supra. Respondent’s position essentially is that the elements traditionally required to establish the efficacy of a class are inherent in a condominium association relationship making pleading and proof of such elements unnecessary and burdensome. This position is reinforced by the argument that individual association members are protected from capricious or arbitrary class actions by the governing authority of the association through provisions of Chapter 718, Florida Statutes (Supp.1976), as well as decisions which impose a fiduciary duty upon the governing body of such associations to afford due process and equal protection to its members. See McCune v. Wilson, 237 So.2d 169 (Fla.1970), and Franklin v. White Egret Condominium, Inc., Case No. 76-1535, opinion filed Aug. 9, 1977 (Fla. 4th DCA 1977).
We concur with the respondent. As was articulated in Avila, supra, “the peculiar features of condominium development, ownership, and operation indicate the wisdom of providing a procedural vehicle for settlement of disputes affecting condominium owners concerning matters of common interest.” Id. at 608. Petitioner is quite correct in its assertion that the legislature granted the substantive right of “capacity” to sue and be sued by enacting Section 718.111(2), Florida Statutes (Supp.1976), but the legislature had no constitutional power to also create a procedural vehicle for condominium associations to maintain or defend such suits as a class action, this being a matter of practice and procedure. The response of this Court in Avila was to recognize the authority of the legislature to create capacity in condominium associations to maintain suits, but to reject the attempt of the legislature to design the procedural vehicle for vindication of substantive rights. However, recognizing the virtue of the policy sought to be asserted by the legislature, we adopted Rule 1.220(b). Based on the same sort of reasoning displayed by Judge Baskin in Imperial Towers Condominium, Inc. v. Brown, 338 So.2d 1081 (Fla. 4th DCA 1976), we believed that as to controversies affecting the matters of common interest recited in Rule 1.220(b), the condominium association, without more, should be construed to represent the class composed of its members as a matter of law.
Petitioner states that this rule will force litigation upon unwilling members of a class which is contrary to the precepts of a traditional class action. With this we disagree. It was represented to the Court at oral argument that notwithstanding the creation of a special class by operation of Rule 1.220(b), trial judges have in a number of instances since adoption of the rule required notification to the putative class members after institution of suit to provide an opportunity for nonconsenting unit owners to “opt out” of the suit. This procedure is not inconsistent with Florida Rules of Civil Procedure 1.220(b). By its terms the last sentence of the rule contemplates other actions by members of the class which is one of the traditional basis for “opting out” of a class action.
For the reasons stated the petition of The Florida Bar for modification of Florida Rules of Civil Procedure 1.220(b) is denied. However, we would not leave this opinion without commenting on the efforts of the several committees of The Florida Bar here represented to fully advise this Court in its rule-making function. Rule 1.220(b) was adopted as an emergency matter arising out of the exigencies of the Avila case. It has been of substantial benefit to this Court to receive the comments and arguments of all participants concerning the proper scope of the class action rule. The proceedings reinforced our earlier conclusions, but input from The Florida Bar is beneficial when we exercise our rule-making authority. The committees of the Florida Bar who appear in this proceeding are commended for their contribution on behalf of the bench, bar, and public of the State of Florida.
*98 It is so ordered.
OVERTON, C. J., BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., and DREW (Retired), J., concur.

. Fla.R.Civ.P. 1.220(b) reads:
“Condominium Associations. After control of a condominium association is obtained by unit owners other than the developer, the association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all unit owners concerning matters of common interest, including, but not limited to, the common elements; the roof and structural components of a building or other improvements; mechanical, electrical, and plumbing elements serving an improvement or a building; representations of the developer pertaining to any existing or proposed commonly used facilities; and protesting ad valorem taxes on commonly used facilities. If the association has the authority to maintain a class action under this section, the association may be joined in an action as representative of that class with reference to *96 litigation and disputes involving the matters for which the association could bring a class action under this section. Nothing herein limits any statutory or common law right of any individual unit owner or class of unit owners to bring any action which may otherwise be available.”

. In Wittington and Hendler, it was the absence of this capacity which barred the certification of the classes.