574 So.2d 251 (1991)
KESL, INC., a Florida Corporation, Appellant,
v.
RACQUET CLUB OF DEER CREEK II CONDOMINIUM, INC., Appellee.
No. 89-2947.
District Court of Appeal of Florida, Fourth District.
February 6, 1991.
*252 Michael H. Gora of Hodgson, Russ, Andrews, Woods & Goodyear, Boca Raton, for appellant.
J. Philip Landsman and Emilie M. Tracy of Platt, Haas & Landsman, P.A., Fort Lauderdale, for appellee.
STONE, Judge.
We reverse a final judgment dismissing appellant's third amended complaint for failure to state a cause of action.
Kesl, Inc. alleges that it is the owner of the Racquet Club of Deer Creek and seeks enforcement of a "Club Membership Agreement" against the appellee condominium association. The complaint alleges that, under the terms of the Agreement and the Declaration of Condominium, the Association is obligated to collect club membership dues from the unit owners. A copy of the recorded Club Membership Agreement and a portion of the Declaration are exhibits to the third amended complaint.
The Agreement specifically provides that it runs with the land as to the units, the association, and the club. The tennis club is immediately adjacent to the condominium property and contains swimming as well as tennis facilities.
The Club Membership Agreement provides that the unit owners are required to be members of the Racquet Club and that the Association will collect the dues and pay them over to Deer Creek Properties, Inc. The agreement obligates the club to provide recreation facilities to the unit owners, so long as it is not terminated. It also provides that in the event of its termination, a designated parcel, which includes six tennis courts and related facilities, will be transferred free and clear to the condominium.[1]
The plaintiff is not the original developer. Deer Creek Properties Inc., a subsidiary of the initial developer, was the original signatory to the membership agreement as the owner of parcel "A" upon which the facility is located. The plaintiff did not allege or attach any specific assignment by the original developer, or its subsidiary. However, a deed of parcel "A" to Kesl, Inc., by an intermediate owner, is attached to the complaint.
The appellant initially sued the association solely in its capacity as a contracting party to the agreement for its refusal to collect, and enforce collection of, club dues. The complaint alleges that the association has collected some dues from unit owners which it failed to pay over or account for. The plaintiff seeks injunctive relief, an accounting, and damages.
The trial court previously determined, in ruling on an earlier motion to dismiss, that appellant must add the unit owners as indispensable parties.[2] The plaintiff sought, in the third amended complaint, to accomplish this by joining the unit owners as a class, as permitted by Florida Rule of Civil Procedure 1.221, and named the association both in its capacity as a contracting party *253 and as the representative of the unit owners.
There were numerous grounds for dismissal asserted in the motion to dismiss the third amended complaint. The final judgment states that the dismissal with prejudice is for failure to state a cause of action for all of the grounds asserted in the motion. Essentially (condensed), these are:
(1) The unit owners may not be joined as a class under rule 1.221;
(2) The plaintiff lacks standing to enforce the Club Membership Agreement without a specific assignment of the developer's contract rights;
(3) The club membership contract is an illegal agreement and unenforceable as a violation of antitrust law;
(4) The agreement is not one recognized under Chapter 718, Florida Statutes;
(5) There is no right to an accounting under these facts;
(6) There is an absence of mutuality of obligation thus making the agreement illusory.
However, we conclude that the complaint on its face does state a cause of action and should be sustained as to each of these attacks.
We recognize that generally the "class" in a class action is a party plaintiff. Nevertheless, Florida Rule of Civil Procedure 1.221 provides:
After control of a condominium association is obtained by unit owners other than the developer, the association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all unit owners concerning matters of common interest, including, but not limited to, the common elements; the roof and structural components of a building or other improvements; mechanical, electrical, and plumbing elements serving an improvement or a building; representations of the developer pertaining to any existing or proposed commonly used facilities; and protesting ad valorem taxes on commonly used facilities. If the association has the authority to maintain a class action under this section, the association may be joined in an action as representative of that class with reference to litigation and disputes involving the matters for which the association could bring a class action under this section. Nothing herein limits any statutory or common law right of an individual unit owner or class of unit owners to bring any action which may otherwise be available. An action under this rule shall not be subject to the requirements of Rule 1.220. (emphasis added)
We interpret the rule as authorizing an association to be sued as the representative of the condominium unit owners in an action to resolve a controversy of common interest to all units. Recognition of a class of defendants under these circumstances, does not, as urged by appellee, deprive the unit owners of due process rights. Here the subject matter of the suit is an integrated part of the total living package equally shared by all units and the matters of common interest arise out of recorded condominium documents and their exhibits. We also note that no affirmative relief or money judgment is sought against the unit owners individually. Had the parties been reversed, it is unlikely that an association plaintiff would be precluded from acting under rule 1.221 on behalf of all unit owners to enforce their rights under the agreement. Cf. generally The Florida Bar, 353 So.2d 95 (Fla. 1977); Avila South Condominium Assoc. Inc. v. Kappa Corp., 347 So.2d 599 (Fla. 1977). We have considered The Greens of Inverrary Condominium Association Phase I, Inc. v. Johnson, 445 So.2d 1096 (Fla. 4th DCA 1984), but deem it inapplicable. In that case, the valuation of each unit was a unique and separate matter as to which there was not a shared interest. However, here, all units are included and treated the same.
We reject appellee's contention that appellant lacks standing. Kesl, Inc. claims to be the successor owner of the club property and has accepted its obligation under the terms of the recorded agreement to continue to provide the club facilities to the unit owners. The club is open and operating. *254 The complaint is silent as to whether there was any, more specific, assignment of the owner's interest in the agreement. However, this alone is an insufficient basis for a dismissal. The recorded document provides that it is binding on the parties and their successors and that it runs with the land both as to the residential property and the club property. If appellee has affirmative defenses they may, of course, be raised in the answer. We have considered Bessemer v. Gersten, 381 So.2d 1344 (Fla. 1980) and construe nothing in that opinion as depriving appellant of the standing to seek enforcement of any of its rights as the owner of the club property. We note that there is no present indication that the purchasers of units were not on notice of the Club Membership Agreement and the Declaration. We also note that appellee has not asserted as a standing issue that the plaintiff has not fully deraigned its title to the fee.
We also reject the argument that the membership agreement, on its face, violates the condominium act and antitrust statutes. Condominium recreation arrangements are not limited to property covered by a recreation leasehold. Florida Statutes Section 718.114 provides:
An association has the power to enter into agreements, to acquire leaseholds, memberships, and other possessory or use interests in lands or facilities such as country clubs, golf courses, and other recreational facilities. It has this power whether or not the lands or facilities are contiguous to the lands of the condominium, if they are intended to provide enjoyment, recreation, or other use or benefit to the unit owners. All of these leaseholds, memberships, and other possessory or use interests existing or created at the time of recording the declaration must be stated and fully described in the declaration... . The declaration may provide that the rental, membership fees, operations, replacements, and other expenses are common expenses and may impose covenants and restrictions concerning their use and may contain other provisions not inconsistent with this chapter.
Here, the plaintiff alleges that the agreement terms encompass a single leisure living package that is totally integrated with the adjoining condominium units. The units were sold furnished as part of a "key-in-lock" resort. The units and recreational arrangements were marketed and purchased as a total package. Portions of the brochure are attached to the complaint. See also Chatham Condominium Assoc. v. Century Village, Inc., 597 F.2d 1002 (5th Cir.1979).
Additionally, although the association may not be the exclusive user of the recreation facility, that fact alone is not a basis for dismissal of the complaint. Section 718.114 does not preclude a developer from arranging a recreation contract package or plan involving multiple users including other condominium associations, private memberships, or even permitting public use, where such multiple use is reasonably related to the overall scope of the facilities plan and complies with the provisions of section 718.114. Where such a condominium recreation arrangement meets the standards required by 718.114, we cannot say that it is, on its face, prohibited by Florida's antitrust laws; as patently the legislature intends authorized recreation arrangements, whether involving leases or recorded contracts, to be exempt. We emphasize, however, that we are addressing the complaint only, taking its allegations as true, and that any issues raised by the defendant in a response remain to be resolved.
We recognize that for some reason, unexplained in our record, appellant has failed to attach a copy of paragraph 25 on page 30 of the Declaration of Condominium, that is specifically referred to in its complaint as subjecting the condominium to the Club Membership Agreement. Only selected pages of the Declaration were attached to the complaint. We consider this omission, alone, insufficient to support a dismissal. We note nothing in our record indicating a refusal to attach the copy or any indication that the trial court deemed this omission standing alone as a basis for dismissal with prejudice, particularly as *255 there is no claim of prejudice. Additionally, that provision of the Declaration appears elsewhere in our record making it patent that the provision's existence is not in question.
The complaint states a claim for an accounting as to those dues payments allegedly made by unit owners to the association in accordance with the provisions of the agreement and not remitted. This is an appropriate remedy at law notwithstanding that the parties do not otherwise stand in a fiduciary relationship to each other and are even adverse.
We also do not accept appellee's assertion that the contract on its face lacks mutuality. Although the agreement may afford more extensive power to the club's interest than to the member's, it nevertheless reflects corresponding obligations owed to the members prior to any termination, and it provides for a considerable portion of the parcel "A" property to be transferred to the members in the event of termination. Cf. Bossert v. Palm Beach County Comprehensive Community Mental Health Center, Inc., 404 So.2d 1138 (Fla. 4th DCA 1981).
Therefore, the final judgment of dismissal is reversed and the cause remanded for further proceedings.
ANSTEAD, J., concurs.
GUNTHER, J., concurs in part and dissents in part with opinion.
GUNTHER, Judge, concurring in part and dissenting in part.
Plaintiff/appellant Kesl, Inc. (Kesl) appeals the final judgment entered in favor of the defendant/appellee Racquet Club of Deer Creek II Condominium, Inc. (Association). The trial court entered the final judgment after granting the Association's motion to dismiss Kesl's third amended complaint (complaint) with prejudice. The final judgment stated that "the Plaintiff's action was dismissed with prejudice for failure to state a cause of action, based on paragraphs 1 through 9 of Defendant's Motion to Dismiss the Third Amended Complaint." I would affirm.
In its complaint, Kesl seeks damages from the Association for breach of contract for failing to assess and collect dues as required by the Club Membership Agreement (Agreement) and for an accounting of dues previously collected.
The parties to the Agreement, the contract sued upon, are D.C. Properties, Inc. (Properties), Development Innovations, Inc. (Developer), and the Association. The Agreement provides, inter alia, that the Developer intends to develop the The Racquet Club of Deer Creek II, a condominium (Condominium) upon certain property (Condominium Property); that all unit owners within the Condominium shall be mandatory members of the Deer Creek Racquet Club (Club) operated by Properties and located upon certain property (Club Property); that all membership fees of the unit owners shall be assessed separately, collected by the Association, and remitted to Properties; that the Association agrees to pursue collection of membership fees at the Association's expense, which shall include the filing of a claim of lien against the condominium owner's unit, and the commencement and diligent prosecution of legal proceedings for the collection of the membership fees and the foreclosure of any claim of lien; and that the Agreement shall be deemed to be a covenant running with the land both as to the Condominium Property, the unit within the Condominium, and as to the Club Property.
Kesl's complaint alleges, inter alia, that the Developer and the Association entered into and recorded the Agreement; that the Agreement intended to provide enjoyment, recreation and other use and benefit to the unit owners within the Condominium and was authorized by Florida Statute section 718.114; that in consideration of the Association entering into the agreement the Developer agreed to perform its duties and obligations under the Agreement and provide to the members of the Association the recreational facilities at the Club; that Kesl is the successor in interest to the developer; that Kesl owns the land which underlies the Club property; that the *256 Agreement is exempt from any prohibition against unlawful tying arrangements pursuant to Florida Statute section 718.114 (1989) because the condominium unit's club membership comprised a unique single leisure living package; that pursuant to various sections of the Declarations of Condominium and the Agreement, the Association can legally assess unit owners for dues and levy and lien for dues unpaid; that after Kesl purchased the land upon which the Club is located, it notified the Association of the manner in which Kesl wanted the Club membership dues collected by the Association; that thereafter the Association assessed and billed the Condominium unit owners; that the Association collected some money as a result of the billings, the exact amount of which is unknown to Kesl; that the Association has breached the Agreement by refusing to turn over the money collected from the unit owners and by refusing to assess, bill, collect, levy or lien the Condominium unit owners with regard to the membership dues. Kesl, the alleged successor in interest to the Developer and owner of the land upon which the Club is located, seeks damages from the Association, the Condominium unit owners, and "the class of defendants" for breach of the Agreement and for an accounting by the Association for dues collected. The only named defendant is the Association, individually and as a class representative of all condominium unit owners within such association. The Condominium unit owners are not sued individually.
The first issue raised by Kesl is whether the trial court erred in ruling that Kesl can not sue the Association, as representative of the class of Association members, the Condominium unit owners. I agree that, Fla.R.Civ.P. 1.221 (formerly Fla.R.Civ.P. 1.220(b)) is the procedural vehicle which allows a condominium association to sue and be sued as representative of the class of condominium unit owners.
Florida Rule of Civil Procedure 1.221 provides:
After control of a condominium association is obtained by unit owners other than the developer, the association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all unit owners concerning matters of common interest, including, but not limited to, the common elements; the roof and structural components of a building or other improvements; mechanical, electrical, and plumbing elements serving an improvement or a building; representations of the developer pertaining to any existing or proposed commonly used facilities; and protesting ad valorem taxes on commonly used facilities. If the association has the authority to maintain a class action under this section, the association may be joined in an action as representative of that class with reference to litigation and disputes involving the matters for which the association could bring a class action under this section. Nothing herein limits any statutory or common law right of an individual unit owner or class of unit owners to bring any action which may otherwise be available. An action under this rule shall not be subject to the requirements of Rule 1.220 (emphasis added).
Although the rule does state that an "association may be joined in an action", it does not use the precise words "may be sued" when referring to an action against a condominium association as representative of the class of unit owners. However, in light of The Florida Bar, 353 So.2d 95 (Fla. 1977), it is clear that the Supreme Court has recognized and acknowledged that by enacting Florida Statute section 718.111(2) (Supp. 1976), the legislature has granted the substantive right of "capacity" of a condominium association to sue or be sued as representative of the class of unit owners.
The Florida Bar case was a petition filed by The Florida Bar acting through its Civil Procedure Rules Committee to modify Fla.R.Civ.P. 1.220(b) (presently Fla.R.Civ.P. 1.221). In denying the petition, the Supreme Court disagreed with the petitioner's assertion that in view of the enactment of section 718.111(2), the rule was unnecessary. Concluding that the rule was not only necessary but was essential to foster *257 public policy enunciated by the legislature, the Supreme Court reiterated "that as to controversies affecting the matters of common interest recited in Rule 1.220(b) [presently Rule 1.221], the condominium association, without more, should be construed to represent the class composed of its members as a matter of law." As was articulated by the Supreme Court in Avila South Condominium Association, Inc. v. Kappa Corporation, 347 So.2d 599 (Fla. 1977):
[T]he peculiar features of condominium development, ownership, and operation indicate the wisdom of providing a procedural vehicle for settlement of disputes affecting condominium unit owners concerning matters of common interest.
Id. at 608.
In harmony with the concept of advancing legislative policy concerning a condominium association's capacity to sue and be sued, I agree that the philosophy revealed in the Supreme Court opinions support the contention that Fla.R.Civ.P. 1.221 allows an association to be sued as representative of the class composed of condominium unit owners when the litigation involves matters of common interest and for which the association could bring a class action.
Although the Association successfully argued to the trial court that the concept of a defendant class violates the principles of due process, I conclude that the trial court erred in finding a due process violation. As to controversies affecting the matters of common interests of unit owners, the elements traditionally required to establish the efficacy of a class are inherent in a condominium association relationship making pleading and proof of such elements unnecessary and burdensome. The Florida Bar, 353 So.2d at 97. According to the Supreme Court, the position that the efficacy of a class is inherent in a condominium association:
is reinforced by the argument that individual association members are protected from capricious or arbitrary class actions by the governing authority of the association through provisions of Chapter 718, Florida Statutes (Supp. 1976), as well as decisions which impose a fiduciary duty upon the governing body of such associations to afford due process and equal protection to its members.
The Florida Bar, 353 So.2d at 97.
Although the above quote was made in the context of a condominium association suing rather than being sued, the fiduciary duty imposed upon the governing body of such association would likewise afford due process and equal protection to its members, the unit owners, in the event the association is sued as representative of the class of all condominium unit owners within such association.
Kesl also argues that the trial court erred in determining that Kesl lacked standing to bring this action for breach of contract because no assignment of the Agreement was made from the predecessor-in-interest, Properties, to Kesl. As grounds for dismissal, the Association successfully and correctly argued to the trial court that, in addition to the recorded instruments, that is, the deed to the Club property, the Agreement, and the Declaration of Condominium, Kesl was required to have an assignment of the Agreement. In the complaint, Kesl does not allege that it is the successor-in-interest to Properties, but alleges its interest is derived from the Developer and from being the fee simple titleholder to the land which underlies the Club Property. Because the Agreement clearly states that Properties is the party entitled to receive the membership dues and Kesl's complaint does not allege that Kesl is a successor-in-interest to Properties, I agree with the Association that Kesl has failed to allege sufficient facts to explain why it is entitled to receive the membership fees under the terms of the Agreement. See Bessemer v. Gersten, 381 So.2d 1344 (Fla. 1980). Thus, because Properties is entitled to receive the dues, I conclude that the allegations in Kesl's complaint that the Agreement runs with the land upon which the Club is located and is binding upon the Condominium unit owners; and that Kesl is a successor-in-interest to the Developer and holds fee simple title to the land upon which the Club is located are insufficient to withstand a motion to dismiss for lack of standing.
*258 However, I agree with Kesl's contention that the trial court erred in dismissing the complaint on the grounds that the Agreement is an unlawful tying arrangement. For the purposes of a motion to dismiss, Kesl's allegations that the Agreement is exempt from any prohibition against unlawful tying arrangements must be taken as true unless the Association can demonstrate, within the complaint and attachments, that the allegations are untrue. The allegations, inter alia, are that the Agreement is exempt from the antitrust provision of Florida Statutes (1989), and any prohibition against unlawful tying arrangements pursuant to section 718.114; that the condominium units and membership in the Club recreational facilities comprised a unique single leisure living package; and that sale of the club membership did not constitute a separate product which was tied to the sale of the condominium unit. The Association's response that the attachments to the complaint are clearly repugnant to and contradict Kesl's allegations concerning the unique single leisure living package is without merit.
Although section 718.114 gives an association the power to enter into a contract for membership fees, such a power must be provided for in the Declaration of Condominium. In the instant case, although Kesl alleges that the Agreement is incorporated in the Declaration of Condominium, Kesl has failed four times to attach to its complaint a copy of the pertinent part of the Declaration of Condominium. Thus, I conclude that the trial court correctly dismissed Kesl's complaint for failing to attach a copy of paragraph 25 of the Declaration of Condominium.
Contrary to Kesl's position, the dismissal of Count II which sought an accounting was not error. Count II seeks an accounting of membership dues collected by the Association from the unit owners pursuant to the terms of the Agreement. The Agreement clearly provides that dues are to be remitted to Properties. Again, because Kesl fails to allege sufficient facts to establish that he is a successor-in-interest to Properties and entitled to receive the dues, I conclude that Kesl has failed to state a cause of action for an accounting.
The last issue raised by Kesl is whether the trial court erred in ruling that the Agreement was not enforceable because the Association was not granted the power to collect the dues on behalf of Kesl. For the same reason the trial court correctly ruled that Kesl lacked standing, that is, that Kesl failed to allege that it is the successor-in-interest to Properties and entitled to receive the dues pursuant to the terms of the agreement, it follows that the Association lacks the authority to collect dues on Kesl's behalf. Thus, I conclude the trial court correctly ruled that the Association is without authority to collect dues on behalf of Kesl. However, it is clear that the Association is empowered to collect dues and enforce liens with regard to the Agreement because the Declaration of Condominium specifically considers dues provided for in the Agreement to be common expenses.
In summary, I conclude that the trial court did not err in dismissing the third amended complaint with prejudice. Thus, I would affirm.
NOTES
[1] We need not address in this opinion what would occur in the event of conflict between the two separate condominiums involved, one of which is not a party to this action.
[2] That ruling is not before us for review.