703 So.2d 1109 (1997)
Nancy GRAVES, as Personal Representative of the Estate of Fred R. Graves, Deceased, Appellant,
v.
CIEGA VERDE CONDOMINIUM ASSOCIATION, INC., a Florida corporation, Individually, and as the representative of the class of the unit owners of the condominium units known as Ciega Verde Condominium, Robert H. Johnson, Linda S. Miller, Robert L. Franckle, Lorri Carlson, Robert F. Faisant, Lana R. Faisant, William H. Cook, Mary A. Cook, William C. Oetker, Marlene A. Oetker, Susan J. Anderson, Dennis E. Van Maele, Charles L. Stuart, Sherry J. Thomasson, Wesley W. Holden, John E. McDonald, Jr., Lisa R. McDonald, Robert C. Fedor, Helen Fedor, Harold F. Otis, Caroline E. Otis, Carlos Minnig, Maria Minnig, Bernard Miller, Thomas J. Launchi, Rebecca L. Launchi, Patrick J. McGann, Robert E. Vick, Joseph L. Sicilio, Tony Fco Pena, Amaris M. Pena, Michael Macke, Julie Macke, Rudolph M. Chiorazzo, John A. Hedin, Albert W. Warg, Joseph P. Callahan, Lisa M. Callahan, Thomas K. Ohmen, Lida Ohmen, Timothy J. Landwehr, David C. Wintrode, Jeffrey Bogumil, Nicholas Powers, Anna K. Mann, Abraham Yanchuck, Lillian Yanchuck, John B. Nye, Jr., and Nicole D. Nye, as members of the class, Appellees.
No. 96-03501.
District Court of Appeal of Florida, Second District.
November 7, 1997.
*1110 Paul H. Bowen of Paul H. Bowen, P.A., Tampa, for Appellant.
David A. Lamont of Deeb & Lamont, P.A., St. Petersburg, for Appellees.
PARKER, Chief Judge.
Nancy Graves, as personal representative of the estate of Fred R. Graves, appeals the trial court's nonfinal order vacating the amended final judgment of foreclosure and canceling sale entered against the defendants, Ciega Verde Condominium Association, Inc. (Ciega Verde) and the unit owners of the condominium units of Ciega Verde, in this action for foreclosure of a construction lien. Mrs. Graves also appeals the final order dismissing the unit owners from this action because the unit owners were not served within 120 days from filing the initial complaint. We reverse.
Fred Graves (Graves) was a licensed general contractor who performed repair work to the exterior siding of the buildings of the condominium pursuant to a contract entered in June 1993 between Graves and Ciega Verde. Ciega Verde refused to pay Graves under the written and oral contracts and terminated Graves by denying him access to the property. At that time, Ciega Verde owed Graves $52,511.52 on the balance of the contract.
As a result of the termination, Graves served a claim of lien in December 1993. Thereafter, Graves served a contractor's affidavit. In May 1994, Graves filed an amended complaint which sought relief in two counts. The first count sought to foreclose the mechanic's lien against the unit owners and the second count sought recovery of damages for breach of contract against Ciega Verde. In the foreclosure action, Graves alleged that each unit owner was liable for a proportionate share of the expenses of maintenance, repair, replacement, administration, and operation of the common elements with the extent of that liability as the same as the unit owner's share of the common elements. Graves recorded a notice of lis pendens against all of the unit owners, thereby giving constructive notice to third parties that Graves was foreclosing on the individual unit owner's condominium unit.
*1111 Pursuant to Florida Rule of Civil Procedure 1.221, Graves sued all the unit owners as a defendant class with Ciega Verde as the class representative. Graves named each unit owner as a defendant and member of the class in the amended complaint. The case style indicated that the class consisted of the members of the association who were also the unit owners of the condominium. Service of process was issued against Ciega Verde, both individually and as the class representative.
Ciega Verde answered the amended complaint both individually and as the representative of the class of unit owners. Ciega Verde, as class representative, admitted in its answer that the unit owners were members of the class and answered the allegations of the foreclosure count alleging in its affirmative defenses that the claim of lien was improperly served upon the unit owners. Ciega Verde responded to a request for production directed to Ciega Verde individually and as the class representative of the unit owners and answered interrogatories both individually and as the class representative for the unit owners. There were additional settlement discussions, during which time one unit owner made payment to Graves and was released from the lien.
Thereafter, the contract portion of the action was set for binding arbitration. Mr. Launchi, as president of Ciega Verde and a unit owner, attended the arbitration on behalf of Ciega Verde and testified. In November 1995, the arbitrators awarded Graves his total demand.
Graves served upon Ciega Verde a motion to confirm the arbitration award and to set cause for trial on the foreclosure action against the unit owners. A hearing was held before the trial court to resolve the objections of the defendants' attorney to a proposed final judgment. Thereafter, the trial court entered final judgment in March 1996. The final judgment included a finding that the trial court had jurisdiction, that the unit owners were a class, that Ciega Verde was the class representative, and that the foreclosure was on the individual unit owner's condominium. The trial court entered an amended final judgment requested by the Clerk of the Circuit Court concerning the thirty units owned by the unit owners rather than the thirty-two units owned by the remaining unit owners reflected in the original judgment because two units were released previously. The trial court amended the final judgment and set the sale for May 1996.
Thereafter, new counsel for the unit owners filed a motion to set aside the amended final judgment. The motion claimed that the trial court did not have jurisdiction to order foreclosure of the unit owners' property. This motion, filed two years after suit was initiated, was the first notice that jurisdiction over the unit owners was at issue.
A hearing was held on the motion to set aside the judgment. At the hearing, the trial court granted the motion and required Graves to personally serve each individual unit owner. Graves obtained service on the unit owners within sixty days. Then the unit owners moved to dismiss the amended complaint claiming that Graves filed the amended complaint on May 23, 1994, and therefore, service on the unit owners had not been accomplished within 120 days from filing the original complaint, as required by Florida Rule of Civil Procedure 1.170(I).
The trial court granted the motion to dismiss and entered an order dismissing the individual unit owners from the action. Because the applicable statute of limitations had expired, Graves was precluded from bringing a new foreclosure action against the unit owners.
Graves correctly argues that the trial court erred in vacating the amended final judgment of foreclosure based on the fact that Graves was required to serve the individual members of the class. The trial court obtained jurisdiction of the unit owners because they constituted a class because of their membership in the Ciega Verde Condominium Association. The unit owners, as members of the class, have a common interest regarding the maintenance of the common elements of the condominium property. The unit owners are a class. See Fla. R. Civ. P. 1.221.
Pursuant to the Ciega Verde Declaration of Condominium, each unit owner is a *1112 member of the condominium association as long as the person owns a unit. Individual unit owners are deemed to give their consent for work performed on the common elements when such work is authorized by the association. As a result, Graves' construction lien attached to the individual units of each owner and could be foreclosed. The action is against the unit and there is no personal liability of the unit owner for any deficiency if the unit is sold for less than the unit owner's proportionate share of the lien. The Florida Supreme Court has determined that an association can sue and be sued, and that by its very nature is appropriately sued as a class when the issues involve the common elements of the condominium property or common issues to each unit owner. The Florida Bar, 353 So.2d 95, 97 (Fla.1977).
The unit owners argue that they should have had individual notice to satisfy due process concerns. Notice is not required by Graves because the board of directors of the condominium association have a fiduciary and statutory duty to give notice of a lawsuit to the unit owners. In The Florida Bar, the Supreme Court agreed that
individual association members are protected from capricious or arbitrary class actions by the governing authority of the association through provisions of Chapter 718, Florida Statutes (Supp.1976), as well as decisions which impose a fiduciary duty upon the governing body of such associations to afford due process and equal protection to its members.
353 So.2d at 97 (citations omitted).
The Fourth District, in Kesl, Inc. v. Racquet Club of Deer Creek II Condominium, Inc., 574 So.2d 251 (Fla. 4th DCA 1991), interpreted rule 1.221 to authorize "an association to be sued as the representative of the condominium unit owners in an action to resolve a controversy of common interest to all units." Id. at 253. Further, the court noted that recognition of a class of defendants under these circumstances did not deprive the unit owners of due process. Id. The concerns of due process are sufficiently addressed by the fiduciary duty that the board of directors have to the members of the association.
Further, while a trial court can order that individual class members be given notice so they can decide whether to opt out before the conclusion of the case, case law does not support that it can be done after final judgment has been entered. Because service was not required on each member of the class, it was error for the trial court to dismiss the amended judgment of foreclosure and require Graves to serve each member.
The unit owners do not argue that they were prejudiced by the fact that they did not know that the suit had been filed against the association as a class action, but rather, the association was not able to adequately represent them because their interests were adverse. If the members of the association have a problem with the way the members of the board handled the contract and the arbitration, then the members can bring an action against the board for breach of fiduciary duty.
Additionally, the trial court compounded the problem by dismissing the unit owners because Graves did not personally serve each member within the 120-day limit. This court held that when an invalid method of service is used within the 120-day limit, the proper procedure is to quash the service and permit the action to remain pending. See Payette v. Clark, 559 So.2d 630, 633 (Fla. 2d DCA 1990). In this case, Graves properly served only the class representative, as service was not required on each member of the class. If the court wanted to require notice to the individual members, then it should have allowed Graves the proper time. Accordingly, it was error for the trial court to dismiss the class defendants. See also Bice v. Metz Construction Co., Inc., 699 So.2d 745 (Fla. 4th DCA 1997).
Reversed and remanded with directions to the trial court to set aside the order vacating the amended final judgment of foreclosure and canceling sale and the final order dropping the defendants.
FRANK and WHATLEY, JJ., concur.