781 So.2d 1182 (2001)
Richard COOLEY, Appellant,
v.
PHEASANT RUN AT ROSEMONT CONDOMINIUM ASSOCIATION, INC., et al., Appellees.
No. 5D00-1334.
District Court of Appeal of Florida, Fifth District.
April 12, 2001.
*1183 Sheldon D. Stevens of Sheldon D. Stevens, P.A., Merritt Island, for Appellant.
Kendall B. Rigdon of Rigdon, Muckerman, Alexander & Rigdon, P.A., Cocoa, for Appellee Pheasant Run at Rosemont Condominium, Inc.
Jamie Billotte Moses and Reinald Werrenrath, III of Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A., for Appellees John and Myra Middleton.
COBB, J.
This appeal raises the issue of whether a condominium unit owner may be individually joined in a plaintiffs action against the condominium association in respect to an injury occurring on the common elements.
The plaintiff below, Richard Cooley, filed a complaint alleging that he was injured while an invited guest upon the common elements of Pheasant Run at Rosemont. In addition to the Association, he joined the unit owners individually. The trial court, in dismissing said owners with prejudice, held that Florida law does not support such an action against the unit owners, but could only be maintained against the Association.
Prior to 1976 it was clear that a condominium unit owner had no personal liability in an action such as Cooley's, and therefore was not a proper party defendant. At that time former Chapter 711 was replaced by Chapter 718, and more specifically section 718.119, Florida Statutes, which provides in pertinent part:
(1) The liability of the owner of a unit for common expenses is limited to the amounts for which he or she is assessed for common expenses from time to time in accordance with this chapter, the declaration, and bylaws.
(2) The owner of a unit may be personally liable for the acts or omissions of the association in relation to the use of the common elements, but only to the extent of his or her pro rata share of that liability in the same percentage as his or her interest in the common elements, and then in no case shall that liability exceed the value of his or her unit.

*1184 (3) In any legal action in which the association may be exposed to liability in excess of insurance coverage protecting it and the unit owners, the association shall give notice of the exposure within a reasonable time to all unit owners, and they shall have the right to intervene and defend.
The question before us is one of legislative intent. Paragraph (2) above would seem to favor the argument of Cooley. Paragraph (3), however, appears to acknowledge that the Association is the proper party defendant in the action: it is assigned the duty of notifying the unit owners of "any legal action in which the Association may be exposed to liability in excess of insurance coverage protecting it and the owners." (Emphasis added). The statute assumes that such owners are not original parties to the action; otherwise such notice would not be necessary. At the point of that notice, the statute gives the unit owners the right, but not the obligation, to intervene and defend. This section of the statute appears to allow participation of the unit owners in the suit as a matter of their discretion and not at the option of the plaintiff. In any event, whether the unit owners decide to participate or not, they are bound by any judgment in a tort victim's favor, limited only by the language contained within section 718.119.
The entire structure of section 718.119 points to the fact that this subsection deals with the liability of unit owners for "common expenses" which may be assessed (subsection (1)) and the liability of unit owners for acts or omissions of the association for which proportionate damages may be assessed against the unit owner (subsection (2)). The correct interpretation of subsection (2), cited above, is that the only liability of the unit owner is for assessments, and those assessments allow individual unit owners to be personally liable for an additional assessment by the association in relation to the use of the common elements. This interpretation comports with the holding in Graves v. Ciega Verde Condo. Ass'n, Inc., 703 So.2d 1109, 1111 (Fla. 2d DCA 1997), wherein it was held that a condominium association is appropriately sued as a class when the issues involve the common elements on the condominium property. Clearly, the condominium association is a unique entity formed and operated to advance the common interests of the unit owners and is a proper class representative. See The Florida Bar, 353 So.2d 95, 97 (Fla.1977); Avila South Condo. Ass'n, Inc. v. Kappa Corp., 347 So.2d 599, 608 (Fla.1977)(peculiar features of condo development, ownership and operation indicate wisdom of providing procedural vehicle for settlement of disputes affecting unit owners concerning common elements so that when question is one of common interest, involving too many persons so numerous as to make it impractical to bring them all to court, one may sue or defend for the whole).
In Kesl, Inc. v. Racquet Club of Deer Creek II Condo., Inc., 574 So.2d 251 (Fla. 4th DCA 1991), the Fourth District held that a condominium association could be sued as the representative of the unit owners and recognized the owners as a class of defendants under Rule 1.221. As such, the unit owners did not have to be sued individually to be bound by a judgment and were not indispensable parties. See also Brazilian Court Hotel Condo. Owners Ass'n, Inc. v. Walker, 584 So.2d 609 (Fla. 4th DCA 1991).
While we do not find the applicable statute as clear-cut as apparently did the trial *1185 court,[1] we nevertheless agree with its ultimate determination and dismissal of the individual unit owners from the action.
AFFIRMED.
PALMER and ORFINGER, R.B., JJ., concur.
NOTES
[1] The trial court indicated it would entertain fee motions by the dismissed defendants pursuant to section 57.105, Florida Statutes.