846 So.2d 555 (2003)
FOUR JAY'S CONSTRUCTION, INC., a Florida Corporation, Appellant,
v.
The MARINA AT THE BLUFFS CONDOMINIUM ASSOCIATION, INC., a Florida Non Profit corporation, as Agent for and as Class Representative of all Owners of Record of all individual condominium parcels within the Marina at the Bluffs Building 14 Condominium, the Marina at the Bluffs Building 15 Condominium and the Marina at the Bluffs 7 Condominium, Appellee.
No. 4D01-4348.
District Court of Appeal of Florida, Fourth District.
April 16, 2003.
Rehearing Denied June 11, 2003.
*556 Barbara J. Scheffer, Palm Beach Gardens, for appellant.
Michael J. Gelfand and Christopher J. Schuster of Gelfand & Arpe, P.A., West Palm Beach, for appellee.
STONE, J.
We reverse a final judgment that dismisses with prejudice all claims against the owners of record of all individual condominium units within three condominium buildings.
Four Jay's Construction, Inc. (Four Jay's) sued The Marina at the Bluff's Condominium Association, Inc. (association) as agent for, and as class representative of, all owners of record of all individual condominium parcels within The Marina at the Bluffs Building 14 Condominium, The Marina at the Bluffs Building 15 Condominium, and The Marina at the Bluffs Building 7 Condominium. The amended complaint was brought as a class action, pursuant to Florida Rule of Civil Procedure 1.221, with the association named as the class representative of each building's unit owners.
Four Jay's seeks damages for the association's alleged breach of a construction contract. Pursuant to the contract, Four Jay's installed balcony additions to all of the buildings, benefitting all of the units in question. The amended complaint asserts breach of contract, quantum meruit, unjust enrichment, breach of oral contract, and promissory estoppel.
In dismissing the amended complaint, the trial court concluded that the individual unit owners could not be joined as a class.
We conclude it was error to dismiss the class action as the unit owners may be sued, pursuant to the rule, with the association as representative.
Prior to the amendment to the Condominium Act in 1974, class actions brought by an association were routinely dismissed on the ground that the association lacked standing since it was not a real party in interest. Imperial Towers Condo., Inc. v. Brown, 338 So.2d 1081, 1083 (Fla. 4th DCA 1976). The remedy in those situations, where a condominium association filed suit incorrectly in a representative capacity, was either to amend the complaint or add the appropriate parties as plaintiffs. Rubenstein v. Burleigh House, Inc., 305 So.2d 311, 313 (Fla. 3d DCA 1975). Although the amendment of that *557 statute was later declared unconstitutional, the supreme court eventually adopted Fla. R. Civ. P. 1.220(b), now numbered 1.221, which is currently in effect. This rule allows class actions to be brought or defended by a condominium association in its representative capacity, but is not clear as to the right of a third party to institute a class action against unit owners.
Rule 1.221 provides that a condominium association
may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all unit owners concerning matters of common interest, including, but not limited to, the common elements; the roof and structural components of a building or other improvements; mechanical, electrical, and plumbing elements serving an improvement or a building; representations of the developer pertaining to any existing or proposed commonly used facilities; and protesting ad valorem taxes on commonly used facilities. If the association has the authority to maintain a class action under this rule, the association may be joined in an action as representative of that class with reference to litigation and disputes involving the matters for which the association could bring a class action under this rule.
This court has recognized that an association may sue and be sued as the representative of condominium unit owners in an action to resolve a controversy of common interest to all units. Kesl, Inc. v. Racquet Club of Deer Creek II Condo., Inc., 574 So.2d 251 (Fla. 4th DCA 1991); Juno by the Sea Condo. Apts., Inc. v. Juno by the Sea N. Condo. Ass'n, 418 So.2d 1190 (Fla. 4th DCA 1982). In Kesl, the owner of the Racquet Club filed suit against the condominium association alleging that the association was obligated to collect club membership dues from the unit owners under the terms of a "Club Membership Agreement." Id. at 252. Kesl sought to amend the complaint by joining the unit owners as a class under Florida Rule of Civil Procedure 1.221 and naming the association both in its capacity as contracting party and as the class representative of the unit owners. On appeal, this court recognized that the individual unit owners could be joined as a class and the association could be sued both in its capacity as a contracting party and as the representative of the unit owners where the controversy was of common interest to all units. Id. at 253.
Here, as in Kesl, the association was sued as representative of the individual unit owners as a class under rule 1.221. As in Kesl, this was appropriate where the controversy was of common interest to all units, i.e., structural improvements to the common elements including balcony additions appurtenant to each unit.
We have considered Cooley v. Pheasant Run at Rosemont Condo. Ass'n, Inc., 781 So.2d 1182 (Fla. 5th DCA 2001), and deem it inapposite. In Cooley, the plaintiff sought damages for an injury while an invited guest upon the common elements of the condominium. In addition to the association, he joined the unit owners individually. Id. at 1183. In affirming the trial court's decision to dismiss the owners with prejudice, the Fifth District interpreted section 718.119, a limitation of liability provision, to mean that a tort action could not be maintained against the unit owners as a class, but could only be maintained against the corporate defendant. Id.
Section 718.119, Florida Statutes, provides:
(1) The liability of the owner of a unit for common expenses is limited to the amounts for which he or she is assessed for common expenses from time to time *558 in accordance with this chapter, the declaration, and by laws.
(2) The owner of a unit may be personally liable for the acts or omissions of the association in relation to the use of the common elements, but only to the extent of his or her pro rata share of that liability in the same percentage as his or her interest in the common elements, and then in no case shall that liability exceed the value of his or her unit.
(3) In any legal action in which the association may be exposed to liability in excess of insurance coverage protecting it and the unit owners, the association shall give notice of the exposure within a reasonable time to all unit owners, and they shall have the right to intervene and defend.
The Fifth District recognized that paragraph two of the statute seemed to favor the argument that individual unit owners could be joined as defendants. Cooley, 781 So.2d at 1184. However, the court recognized that paragraph three acknowledged that the association is the proper party defendant in the action. Id. The statute gives the unit owners the right, but not the obligation, to intervene and defend. Id. Thus, participation of the unit owners in the suit is a matter of their discretion and not at the option of the plaintiff. Id. The court summarized,
The entire structure of section 718.119 points to the fact that this subsection deals with the liability of unit owners for "common expenses" which may be assessed (subsection (1)) and the liability of unit owners for acts or omissions of the association for which proportionate damages may be assessed against the unit owner (subsection (2)). The correct interpretation of subsection (2), cited above, is that the only liability of the unit owner is for assessments, and those assessments allow individual unit owners to be personally liable for an additional assessment by the association in relation to the use of the common elements. This interpretation comports with the holding in Graves v. Ciega Verde Condo. Ass'n, Inc., 703 So.2d 1109, 1111 (Fla. 2d DCA 1997), wherein it was held that a condominium association is appropriately sued as a class when the issues involve the common elements on the condominium property. Clearly, the condominium association is a unique entity formed and operated to advance the common interests of the unit owners and is a proper class representative. (citation omitted).
Id. at 1184. The court acknowledged that the unit owners were a class of defendants under rule 1.221 and that the condominium association is a unique entity formed and operated to advance the common interests of the unit owners and is a proper class representative. Id. at 1184. The court concluded that it was therefore unnecessary and, under section 718.119, improper to join the unit owners as defendants. Id.
In Cooley, the individual unit owners were individually joined as defendants, whereas here, the action was not against the owners but against the association as representative of the class of units sharing the undivided ownership of the common elements. See also Graves, 703 So.2d at 1111 (holding that suit against the unit owners as a class with the association as representative was appropriate in an action by a contractor to foreclose a lien for work on the common areas of condominium); Kesl, 574 So.2d at 253 (holding that it is appropriate to sue association as representative of the condominium unit owners in action to resolve controversy of common interest to all units). Here, also, as the alleged controversy concerns matter of common interest involving common elements, it was proper to sue the unit owners as a class, naming the association in its representative capacity.
*559 The association's argument, based on language found in Kesl, is that the unit owners could not be joined as a defendant class because the suit seeks a money judgment. We note however, that here, Four Jay's does not seek individual money judgments against the owners, but instead against the association as representative of the owners. To the extent that the complaint might be interpreted by the trial court as seeking a money judgment against the individual unit owners, leave to amend should be granted so that Four Jay's can clarify the remedy sought.
We do not deem this opinion in conflict with Cooley, a tort suit. On the other hand, we recognize that rule 1.221 and chapter 718 do not explicitly specify that unit owners may be collectively joined "as a class" by a stranger/plaintiff by serving the association, notwithstanding that, clearly, the association itself is a proper defendant.
We certify the following question to the supreme court as one of great public importance:
WHETHER FLORIDA RULE OF CIVIL PROCEDURE 1.221 AUTHORIZES PLAINTIFFS TO SUE INDIVIDUAL OWNERS OF CONDOMINIUM UNITS (TO THE EXTENT OF THEIR INTEREST) AS A CLASS OF DEFENDANTS, BY SUING THE CONDOMINIUM ASSOCIATION AS CLASS REPRESENTATIVE, AS DISTINGUISHED FROM SIMPLY SUING THE CONDOMINIUM ASSOCIATION AS THE CONTRACTING PARTY, IN A CONTROVERSY CONCERNING MATTERS OF COMMON INTEREST.
GUNTHER and FARMER, JJ., concur.