# Third District Court of Appeal

## State of Florida

Opinion filed March 21, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D17-1198 & 3D17-1197
Lower Tribunal Nos. 16-26521 and 16-26529
_____

**Central Carillon Beach Condominium Association, Inc., et al.,**
Petitioners,

vs.

**Pedro J. Garcia, etc., et al.,**
Respondents.

On Petitions for Writs of Certiorari from the Circuit Court for Miami-Dade County, Monica Gordo, Judge.

Rennert Vogel Mandler & Rodriguez, P.A., and Thomas S. Ward and Jason R. Block, for petitioners.

Abigail Price-Williams, Miami-Dade County Attorney, and Jorge Martinez-Esteve and Daija Page Lifshitz, Assistant County Attorneys, for respondent Pedro J. Garcia.

Before SALTER, EMAS and FERNANDEZ, JJ.

SALTER, J.

In these consolidated cases, two condominium associations ("Associations") seek a writ of certiorari quashing orders denying their motions for certification of a class of the defendant unit owners in their respective associations. The plaintiff/respondent in each case is the property appraiser of Miami-Dade County, Florida ("Appraiser"). We treat the cases as appeals from non-final orders determining "whether to certify a class,"[1] and affirm the orders below.

The interplay between (a) the condominium statute authorizing a condominium association to sue and be sued "on behalf of all unit owners concerning matters of common interest," section 718.111(3), Florida Statutes (2016), and (b) the statute requiring the "taxpayer" to be the party defendant in a circuit court action brought by a county property appraiser to appeal an administrative determination of the county's value adjustment board, section 194.181(2), Florida Statutes (2016), apparently presents a case of first impression in Florida's appellate courts. As the issue turns on the meaning and application of the two statutes, our review of the circuit court orders denying class certification is de novo. Borden v. East-European Ins. Co., 921 So. 2d 587, 591 (Fla. 2006).

Proceedings Below

Central Carillon Beach Condominium is condominium with some 140 residential units and various common elements. It is operated and maintained by

_____

[1] Fla. R. App. P. 9.130(a)(3)(C)(vi).

2

petitioner/appellant Central Carillon Beach Condominium Association. Similarly, 2201 Collins Avenue Condominium has some 180 residential units and various common elements, all operated and maintained by petitioner/appellant 2201 Collins Avenue Condominium Association.

For tax year 2015, each of the Associations filed, with the approval of its board of directors, a single joint petition with the Miami-Dade County Value Adjustment Board (the "VAB") challenging the Appraiser's proposed assessments for all of the units within the applicable condominium building.[2] Such a joint petition by an association on behalf of the unit owners is expressly authorized by a provision within the ad valorem tax statutes, though it is subject to (1) a determination by the property appraiser that the units "are substantially similar with respect to location, proximity to amenities, number of rooms, living area, and condition," and (2) notice by the association to each unit owner of a twenty-day right to opt out of inclusion in the joint petition.[3] These conditions were satisfied in the present case, and the joint petitions were heard administratively and ruled upon by the VAB.

---

[2] The common elements are not separately assessed. §§ 193.023(5), and 718.120(1), Fla. Stat. (2016). Each residential unit owner's undivided interest in those common elements is taxed as a part of the residential unit.

[3] These conditions are detailed in section 194.011(3)(e), Florida Statutes (2016).

3

Each Association obtained, for its respective unit owners, substantial reductions in assessed value in the VAB decision—approximately 20% in the case of Central Carillon, and approximately 40% in the case of 2201 Collins Avenue. As further permitted by the ad valorem statutes, the Appraiser appealed those VAB determinations to the circuit court in separate lawsuits for each condominium. Each lawsuit, however, named each of the individual unit owners as a defendant; it did not sue the applicable Association "on behalf of" all of the unit owners.

In response, each Association moved to dismiss the lawsuit and to strike the unit owners as defendants. Each Association sought joint representation of all unit owners in its condominium, as a defendants' class action (joint, representative defense, versus the joint, representative petition protesting the assessments, as had been the case before the VAB). The Appraiser opposed the motions to dismiss and moved to default all of the condominium unit owners for failing to file an individual responsive pleading. These motions were further briefed by counsel and then heard on the same day by the trial court.[4]

The trial court entered separate, but (appropriately) nearly identical orders in each case, denying each Association's motion to dismiss and also denying its

_____

[4] The separate lawsuits for each condominium and Association were defended by the same law firm. Because the same legal issues were presented in each lawsuit, the same trial judge heard and decided the motions applicable to each of the two Associations.

motion for certification of the unit owners as a defense class with the Association as the owners' class representative. These appeals followed.

Analysis

Allowing an Association to represent the interests of its hundred-plus unit owners in the Appraiser's appeal from the VAB reductions seems eminently logical. If a joint petition can be pursued before the VAB, why shouldn't a joint defense be allowed in the Appraiser's appeal from the VAB's determinations?

The answer is found in the plain language of section 194.181, "Parties to a tax suit." Subparagraph (2) of that statute states that the "taxpayer" shall be the party defendant in an action brought by the county property appraiser to appeal a decision of the VAB.[5] "Taxpayer" is defined in section 192.001(13) to mean "the person or other legal entity in whose name property is assessed, including an agent of a timeshare period titleholder." The individual condominium units at issue in this case, together with each unit's undivided interest in the common elements, are assessed in the name of the individual owners—not their Association.

In response, the Associations argue that those statutes are contrary to the specific rights of collective representation given to them in the condominium law, section 718.111(3), and in Rule 1.221, Florida Rules of Civil Procedure. We disagree.

---

[5] It is undisputed that the Appraiser had a right to appeal the VAB decision pursuant to section 194.036(1), Florida Statutes (2016).

Section 718.111(3) provides, in pertinent part:

> The association may contract, sue, or be sued with respect to the exercise or nonexercise of its powers. For these purposes, the powers of the association include, but are not limited to, the maintenance, management, and operation of the condominium property. After control of the association is obtained by unit owners other than the developer, the association may institute, **maintain**, settle, or appeal **actions** or hearings in its name **on behalf of all unit owners concerning matters of common interest to most or all unit owners**, including, **but not limited to**, the common elements; the roof and structural components of a building or other improvements; mechanical, electrical, and plumbing elements serving an improvement or a building; representations of the developer pertaining to any existing or proposed commonly used facilities; **and protesting ad valorem taxes on commonly used facilities and on units**; and **may defend actions in eminent domain** or bring inverse condemnation actions. **If the association has the authority to maintain a class action, the association may be joined in an action as representative of that class with reference to litigation and disputes involving the matters for which the association could bring a class action.**

(Emphasis provided).

The provision only addresses ad valorem taxes in one phrase: "protesting ad valorem taxes on commonly used facilities and on units." The Associations protested the ad valorem taxes administratively on behalf of all units, but the lawsuits brought by the Appraiser against the unit owners are not "protests"—they are judicial review proceedings in which the unit owners are defendants. The specific cases in which an association may defend on behalf of all unit owners are "actions in eminent domain."

6

The Associations also argue that because they could bring a class action if they were appealing a decision of the VAB as plaintiff, the Associations "may be joined in an action as a representative of that class with reference to litigation," namely the actions brought by the Appraiser. But section 718.111(3), with its lack of precise application to the Appraiser's lawsuits against the unit owners, is no match for the precise requirement imposed by the ad valorem litigation provision, section 194.181(2), that when the Appraiser is the plaintiff seeking circuit court review of the VAB decision, "the taxpayer **shall** be the party defendant." (Emphasis provided).

Rule 1.221 essentially repeats the language in 718.111(3) in its enumeration of the circumstances in which an association may act on behalf of "association members." The defense of a circuit court ad valorem tax suit brought by a county property appraiser is not specifically mentioned in the Rule, while "defense of actions in eminent domain" is singled out for approved collective representation of owners by an association. Again, the oblique examples and categories within Rule 1.221 must yield to the precise legislative directive in section 194.181(2); "the taxpayer shall be the defendant." The Associations simply do not pay the taxes in question.

The numerous cases cited by the Associations approving collective or class representation of condominium unit owners by their condominium association do

not involve, as the present cases do, a separate statute specifying that each individual unit owner must be a party defendant. See, e.g., Trintec Const., Inc. v. Countryside Village Condo. Ass'n, Inc., 992 So. 2d 277, 281 (Fla. 3d DCA 2008) (permitting association as class representative as defendant on behalf of unit owners in contractor lien foreclosure case); Four Jay's Const., Inc. v. Marina at Bluffs Condo. Ass'n, Inc., 846 So. 2d 555 (Fla. 4th DCA 2003) (permitting association as defense class representative in breach of contract case); Kesl, Inc. v. Racquet Club of Deer Creek II Condo., Inc., 574 So. 2d 251 (Fla. 4th DCA 1991) (permitting association as defense class representative in suit for fees due from owners).

Our holding in these cases regarding property tax appeals brought by a county property tax appraiser against condominium unit owners does not dilute or qualify the continued amenability of other types of lawsuits to the common representation of unit owners by their association as permitted by section 718.111(3) and Rule 1.221.

Conclusion

Although we appreciate the Associations' arguments that judicial efficiency would be better served by allowing the Associations to represent the 140 (Central Carillon) or 180 (2201 Collins Avenue) unit owners as a defense class in the

8

lawsuits brought by the Appraiser, those arguments must be presented to the Legislature rather than the courts if they are to be effectual.

The orders denying class certification are affirmed.