PER CURIAM.
This petition requests alternatively a writ of prohibition or a writ of certiorari. It arises from an order appointing a receiver in a mortgage foreclosure action. Petitioners are defendants in the foreclosure action sued in their individual capacities. Mantis is also a party in a dissolution action pending before another circuit judge in the Seventeenth Judicial Circuit of Florida. The court in the dissolution action appointed a receiver (Fieldstone) of the real marital assets of the parties. The marital property included the property subject to foreclosure before respondent. Petitioners contend that respondent lacked jurisdiction *293 to appoint a receiver of the mortgaged property since the property was under the control of the receiver appointed in the dissolution action. We disagree with petitioner’s contention that respondent lacked jurisdiction to appoint a receiver in the mortgage foreclosure proceeding. Finding prohibition therefore inappropriate, we treat petitioner’s petition for writ of prohibition as a petition for writ of certiorari.
The order appointing the receiver in the dissolution proceeding did not abrogate the rights of the mortgagee to enforce the terms of its mortgage. While it is arguable that the duties of the two receivers differ, the record makes it apparent that their duties overlap and conflict. It is also apparent that the dissolution receiver had control of the property pursuant to a prior court order and should have been joined as a party defendant in the foreclosure action.
We note that the mortgagee has filed a motion to intervene in the dissolution proceeding in which he seeks to compel a full and complete accounting and other relief. It would appear that if the mortgagee is permitted to intervene in the dissolution proceeding that his rights under the mortgage can be protected by the dissolution receiver. However, the allegations contained in the motion to intervene also question whether the dissolution receiver has properly performed his duties. Intervention would permit the mortgagee not only to assert his rights under the mortgage but also to challenge the receiver’s performance of his duties as they pertain to the mortgaged property. We make this observation with an awareness of the limitations imposed on our review.
Accordingly we hold that under the unusual facts of this case petitioners have demonstrated a lack of an adequate remedy by plenary appeal and that the trial court departed from the essential requirements of law when it failed to grant their motion to dismiss because the mortgagee failed to join the dissolution receiver as an indispensable party. We also hold that respondent departed from the essential requirements of law by appointing a successor receiver of the mortgage property while it was subject to the order appointing a receiver in the dissolution action. Therefore, we quash the order denying petitioners’ motion to dismiss and the order appointing a receiver in the foreclosure action. We remand this case for further proceedings not inconsistent herewith.
CERTIORARI GRANTED.
DOWNEY, LETTS and DELL, JJ., concur.