992 So.2d 277 (2008)
TRINTEC CONSTRUCTION, INC., Petitioner,
v.
COUNTRYSIDE VILLAGE CONDOMINIUM ASSOCIATION, INC., Respondent.
No. 3D08-516.
District Court of Appeal of Florida, Third District.
September 3, 2008.
Rehearing and Rehearing En Banc Denied October 31, 2008.
Elder & Lewis and David R. Elder and Kerry H. Lewis, Coconut Grove, for petitioner.
Peter V. Fullerton, for respondent.
Before RAMIREZ and SALTER, JJ., and SCHWARTZ, Senior Judge.
SALTER, J.
Trintec Construction, Inc. seeks certiorari from a circuit court order discharging its recorded mechanic's lien claim. We grant the writ, quash the order below, and thereby reinstate Trintec's claim of lien.

I. The Roof Work and the Lawsuit

The respondent, a condominium association, contracted with Trintec for roof repairs to multi-unit buildings in thirteen separately-declared, but collectively-managed, condominiums. The written contract between Trintec and the Association included a recital that the Association was the governing body for all of the affected buildings, and the contract was signed by the president of the Association.
In April 2006, Trintec claimed non-payment and default, and it recorded a claim of lien for approximately $1.3 million the following month. The property description *278 within the lien identified the entirety of each of the thirteen condominiums by recorded declaration, rather than the individual units and common area parcels in the condominium buildings where the work was performed. In late 2006, Trintec filed a lien foreclosure complaint and lis pendens against the Association and the property as identified in the claim of lien.
The trial court initially granted the Association's motion to dismiss the complaint without prejudice, allowing Trintec twenty days within which to amend. That order did not identify any deficiency in, or grant any relief regarding, the recorded claim of lien. The Association then sought and obtained an emergency hearing to "clarify" the trial court's ruling as it pertained to the lien.[1] The Association persuaded the trial court to enter a further order dismissing and discharging the lien "without prejudice." The trial court accepted the Association's argument that the individual unit owners were indispensable parties to the lien foreclosure action, and that Trintec's statutory mechanic's lien claim could not proceed without the joinder of those unit owners.
Trintec's motion for clarification and to vacate the further order discharging Trintec's lien was denied in February 2008, and Trintec then filed its petition here.

II. Analysis

This Court initially denied the petition without prejudice to Trintec's right to amend its complaint, claim of lien, and lis pendens to conform to a more specific property description as detailed in Royal Ambassador Condominium Ass'n v. East Coast Supply Corp., 495 So.2d 932, 935 (Fla. 4th DCA 1986). Trintec moved immediately for clarification of that order, however, based on its concern that by statute it could no longer amend its recorded claim of lien. We then directed the Association to file a response to Trintec's petition and its motion for clarification.
The parties' written submissions disagree regarding the primacy of the condominium law provision regarding mechanic's liens, see section 718.121, Florida Statutes (2006), versus section 713.08, Florida Statutes (2006), the mechanic's lien law requirements themselves. In essence, the question is whether the "owner," for purposes of the lien law's application to a condominium property and improvements to its common elements, is: (a) each and every unit owner in the condominium; or (b) the condominium association created by the declaration. The Association argues that the mechanic's lien law's use of "owner" means each individual condominium unit owner, such that those owners are indispensable parties.
We consider in turn section 718.121(2) of the Florida Statutes; the applicable provisions of Chapter 713; Florida Rule of Civil Procedure 1.221, entitled "Homeowners' Associations and Condominium Associations"; and the decisional law regarding these provisions, in order to harmonize all of them in a fair and practicable way.

A. Section 718.121(2)

Section 718.121, entitled "Liens," protects unit owners by limiting the manner in which liens may be imposed upon condominium property after the declaration of condominium has been recorded. First, section 718.121(1) requires the unanimous consent of all unit owners for the imposition of any lien against "the condominium property as a whole," and it further provides that "liens may arise or be created *279 only against individual condominium parcels." This affords a basis, for example, for an individual unit owner to record a mortgage lien over his or her unit.
Section 718.121(2) addresses mechanic's liens in particular and under the scenario involved here:
Labor performed on or materials furnished to the common elements are not the basis for a lien on the common elements, but if authorized by the association, the labor or materials are deemed to be performed or furnished with the express consent of each unit owner and may be the basis for the filing of a lien against all condominium parcels in the proportions for which the owners are liable for common expenses.
Finally, section 718.121(3) confirms that if a valid lien encumbers multiple condominium parcels, each owner of an encumbered parcel may exercise the rights of a property owner under Chapter 713[2] "or by payment of the proportionate amount attributable to his or her condominium parcel" (entitling the payor to a lien release for that parcel).
In this case, clearly the Association authorized Trintec to provide the labor and materials for the roof work. The express consent of each unit owner is thus "deemed" to have been given, and Trintec could properly file a lien against all condominium parcels in the proportions for which the owners are liable for common expenses. See § 718.121(2).

B. Chapter 713

Turning next to the mechanic's lien law itself, we consider the validity and enforceability of the actual claim of lien filed by Trintec. Sections 713.08(1)(d) and (e) specify that a recorded claim of lien "shall" state a description of the real property sufficient for identification and the name of the owner. Trintec's claim of lien described the entire condominium by identifying each declaration of condominium in its entirety, and it identified the owner as "Countryside Village Property Owners Assoc[iation]" at the address of the Association's designated representative identified in the contract.
Section 713.08(4)(a) provides that an omission or error within a claim of lien "shall not, within the discretion of the trial court, prevent the enforcement of such lien as against one who has not been adversely affected by such omission or error." The Association's response commendably concedes that it cannot show any such adverse effect in this case.[3] Section 713.08(4)(b) permits the amendment of a lien "during the period allowed for recording such claim of lien, provided that such amendment shall not cause any person to suffer any detriment by having acted in good faith in reliance upon such claim of lien as originally recorded." Because that period had expired,[4] Trintec could not record an amended claim of lien adding the unit owners at the time the trial court discharged Trintec's lien. Section 713.08(4)(c) directs that a claim of lien "shall be served on the owner," raising again the need to determine *280 the "owner" of the condominium roofs.
Section 713.11, entitled "Liens for improving land in which the contracting party has no interest," precludes the attachment of a mechanic's lien to land if the contracting party for the labor and services has no interest in that land. In this case, however, the Association has an "interest" in all of the condominium parcels the declaration grants the Association unique rights regarding the common elements, and Chapter 718 permits the Association to impose and collect liens on the units for unpaid assessments.

C. Florida Rule of Civil Procedure 1.221

A further source of guidance is found in Florida Rule of Civil Procedure 1.221, entitled "Homeowners' Associations and Condominium Associations." After control of a condominium association has been turned over by the developer to the unit owners, the association is a proper party to "institute, maintain, settle, or appeal actions or hearings in its name on behalf of all association members concerning matters of common interest to the members, including, but not limited to: (1) the common property, area, or elements; (2) the roof or structural components of a building, or other improvements...." Fla. R. Civ. P. 1.221.
So it is clear that, if the Association is unhappy with the roof work performed by Trintec, the Association can bring an action as a single plaintiff on behalf of the affected unit owners. The unit owners themselves need not join that lawsuit as plaintiffs. The issue before us, however, is whether the converse appliesif Trintec sues the Association, may it sue the Association as the representative of all affected unit owners without naming and serving each such unit owner as a separate defendant? The Association maintains that due process and the lien statute require the identification of each unit and the joinder of each unit owner in any such action. That argument seems reasonable, particularly in a state in which many unit owners spend part of the year away from their unit and in which condominium associations are occasionally dysfunctional. If the Association is correct on this point, the statutory period for amending the lien and filing against each owner has long since expired and Trintec will no longer have a statutory lien.
But Trintec's argument is also reasonablethe Association is the democratically-elected representative of the owners; the owners empowered the Association to enter into a contract; and the cost and delay inherent in identifying, pleading against, and serving a multitude of owners (and then substituting a new owner for a predecessor during the pendency of the case as units are sold or otherwise transferred) would be substantial. Moreover, the Association has a statutory duty to keep the unit owners apprised of the lawsuit and their exposure:
In any legal action in which the association may be exposed to liability in excess of insurance coverage protecting it and the unit owners, the association shall give notice of the exposure within a reasonable time to all unit owners, and they shall have the right to intervene and defend.
§ 718.119(3), Fla. Stat. (2006) (emphasis added).
Just as the Association was empowered to contract for the roof work for the benefit of the unit owners, then, it seems that the Association is the logical entity to manage and defend the lawsuit relating to that work. If the unit owners decide to exercise their statutory rights under Chapter 713, they can do so, and they have an absolute right under section 718.119(3) to intervene in the lien foreclosure and contract lawsuit brought by Trintec.
*281 In adopting the precursor to Florida Rule of Civil Procedure 1.221, the Florida Supreme Court concurred with the position of The Florida Bar's Consumer Protection Law Committee that the rule, "expressly declaring condominium association members a class as a matter of law without the necessity for pleading or proving the traditional seven class action elements," adequately protects the individual association members "from capricious or arbitrary class actions by the governing authority of the association through provisions of Chapter 718 . . . as well as decisions which impose a fiduciary duty upon the governing body of such associations to afford due process and equal protection to its members." In re Rule 1.220(b), Fla. Rules of Civil Procedure, 353 So.2d 95, 97 (Fla.1977).

D. Applicable Case Law

In Graves v. Ciega Verde Condominium Ass'n, 703 So.2d 1109 (Fla. 2d DCA 1997), the Second District considered a similar set of facts. Graves entered into a contract with Ciega Verde Condominium Association to repair exterior siding on the condominium buildings. Graves filed his mechanic's lien foreclosure claim and lis pendens against the unit owners, however, as well as the association. He sued the association as class representative for all unit owners on the basis of rule 1.221. The association alleged in its affirmative defenses that the claim of lien was improperly served on the unit owners. Graves prevailed on a companion contract claim in arbitration, and then moved in the circuit court to confirm that award and set a trial date for the lien foreclosure claim. Graves obtained a judgment and a sale date, but new counsel for the unit owners then persuaded the trial court to dismiss the individual unit owners because they had not been served within 120 days from the filing of the complaint. By that time, Graves could not bring a new action against the individual unit owners because the applicable statute of limitations had expired.
The Second District reversed, holding that the trial court "obtained jurisdiction of the unit owners because they constituted a class because of their membership in the Ciega Verde Condominium Association." Graves, 703 So.2d at 1111. The Court held that Graves was not required to join or serve the individual unit owners. It found that "[t]he concerns of due process are sufficiently addressed by the fiduciary duty that the board of directors have [sic] to the members of the association." Id. at 1112.
In this case, Trintec did not name or join the individual unit owners (as Graves had), but rule 1.221 and the Graves decision do not require those procedural steps. Indeed, in Cooley v. Pheasant Run at Rosemont Condominium Ass'n, 781 So.2d 1182 (Fla. 5th DCA 2001), the Fifth District affirmed a trial court ruling that the unit owners were not proper defendants in a personal injury lawsuit brought against the condominium association for injuries allegedly sustained upon common elements. The trial court dismissed the claims against the unit owners with prejudice and indicated that their joinder might be subject to fees under section 57.105 of the Florida Statutes. Id. at 1185 n. 1.
Finally, in Four Jay's Construction, Inc. v. The Marina at the Bluffs Condominium Ass'n, 846 So.2d 555 (Fla. 4th DCA 2003), the Fourth District reversed a final judgment that dismissed with prejudice a balcony contractor's claims for breach of contract, quantum meruit, unjust enrichment, and promissory estoppel against all owners of record of individual condominium units as a class. The condominium association had been named and served as the class representative. In that case, there was apparently no claim for the foreclosure of a mechanic's lien, but the Court held that *282 "unit owners may be sued, pursuant to [rule 1.221], with the association as representative." Id. at 556.[5]
Upon consideration of the applicable condominium and mechanic's lien provisions, rule 1.221, and prior decisions, it seems clear that Trintec is entitled to proceed against the Association as the representative of all unit owners. Trintec is not required to join the individual owners as indispensable parties. As noted, the unit owners are free to intervene in the lawsuit below. They are also free to exercise their rights under Chapter 713, including the right to "bond off" their proportionate share of the lien amount[6] to facilitate a sale, refinancing, or other transaction. The unit owners also have remedies against the Association and its officers and directors if the lien against their unit resulted from improper action or omission of the Association.

III. Conclusion

This is an appropriate case for the exercise of our certiorari jurisdiction. The competing interests of the contractor and the individual unit owners are substantial and each worthy of protection; it is understandable that the trial court would consider the unit owners' interests paramount. Nevertheless, the order discharging Trintec's recorded lien departs from the essential requirements of the law, as detailed above, and relief is necessary to prevent the loss of the contractor's statutory remedy. We therefore grant the petition and quash the order discharging Trintec's claim of lien, with the result that the claim of lien is reinstated.[7]
Petition granted; order of discharge quashed.
NOTES
[1] The Association's motion to dismiss requested dismissal of the complaint; it did not request the discharge of Trintec's claim of lien. The Association did not file a separate motion regarding its "emergency" request for clarification of the order dismissing the complaint.
[2] These rights include, for example, the right to "bond off" the lien claim (section 713.24), and rights to a final affidavit (section 713.06), and a list of subcontractors and suppliers (section 713.165).
[3] If the Association had alleged an adverse effect, an evidentiary hearing would have been required to resolve that question of fact. See Royal Ambassador, 495 So.2d at 935.
[4] Section 713.08(5) allowed 90 days from the date Trintec's "final furnishing of the labor or services or materials." Trintec's original claim of lien was recorded during that period.
[5] The Fourth District certified to the Florida Supreme Court as a question of great public importance

[w]hether rule 1.221 authorizes plaintiffs to sue individual owners of condominium units (to the extent of their interest) as a class of defendants, by suing the condominium association as class representative, as distinguished from simply suing the condominium association as contracting party, in a controversy concerning matters of common interest.
Four Jay's, 846 So.2d at 559. The supreme court did not accept jurisdiction.
[6] It bears repeating that a unit owner's unit is only subject to a non-recourse percentage of the total lien amount (if ultimately allowed by the trial court) "in the proportion for which [the] unit is liable for common expenses." Royal Ambassador, 495 So.2d at 934. A unit owner is not personally liable for any obligation incurred by the Association beyond "the value of his or her unit." § 718.119(2), Fla. Stat. (2008).
[7] Trintec's amended complaint, if filed, is not before us. We note that the original complaint fails to include a specific allegation identifying the Association as the representative of the class of condominium unit owners pursuant to rule 1.221, or to confirm Trintec's representations in its submissions to this Court that the lien claimed on each unit is limited to that unit's proportionate share of common expenses. It would unquestionably aid the trial court, any further appellate review, and any examiner of title to an individual unit, for Trintec to provide express allegations on each of these points in an amended pleading.