FARMER, J.
 

 In a suit between 2 owners in a community of related homes and their Homeowners Association, the court was asked to decide whether the 2 owners had a right to space on a community dock. The community is comprised of three buildings having 22 townhomes in all. Two buildings face a canal, one a river. The community’s original site plan provided 8 dock spaces on the river and 14 on the canal. The developer built river docks having 13 dock spaces, the ownership of which was open to all members of the community, regardless of their unit’s building. The developer never built the canal docks.
 

 Later, 13 of the 14 canal owners built a canal dock. After that, plaintiffs bought units in the building on the canal. They solicited the Association’s approval to add to the canal dock space so that each would be able to share in using the dock. Ultimately a majority of Association members voted to add 220 feet of dock space and agreed that space on the canal dock would be divided among only those participating owners in the 2 buildings who contributed to the cost. The effect of this was to foreclose plaintiffs from any rights to canal dock space. The addition was then built and space assigned as they had agreed.
 

 Plaintiffs sued only the Association and sought an injunction to give them a right to dock space. They also sought money damages for the diminution in the value of their units without the dock space. Before trial the Association moved to dismiss the action for failure to join the other owners in the Community, on the grounds they were persons whose presence in the suit was necessary for any just adjudication. The motion was denied and the case proceeded to trial. In a final judgment, the court ruled that each of the 22 unit owners should have had an opportunity to participate in the dock expansion. Thus, each owner had a right to purchase 10 feet of canal dock space.
 

 In a cross-appeal, the Association argues that reversal is required because plaintiffs failed to join the other owners as parties. It argues that no relief in favor of plaintiffs could possibly be granted without affecting the interests of the other owners. We agree.
 

 Recently in
 
 Florida Dept. of Revenue v. Cummings,
 
 930 So.2d 604 (Fla.2006), the court discussed the law regarding indispensable parties:
 

 “The general rule in equity is that all persons materially interested, either legally or beneficially, in the subject-matter of the suit, must be made parties either as complainants or defendants, so that a complete decree may be binding upon all parties. The Fourth District elaborated on this rule in
 
 Phillips v. Choate,
 
 456 So.2d 556, 557 (Fla. 4th DCA 1984) (quoting
 
 Shields v. Barrow,
 
 58 U.S. (17 How.) 130, 139, 15 L.Ed. 158 (1855)), where it defined an indispensable party as one whose interest in the controversy is of ‘such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.’ ”
 

 Cummings,
 
 930 So.2d 604 at 607.
 

 Here, the trial court ordered the Association to assign 10 feet of canal dock space to each plaintiff. All of that dock space had already been given to other owners, who paid construction costs for their inter
 
 *755
 
 est, or as guest space open to all owners in the Community. Thus, in order to assign the 10-feet spaces to plaintiffs, the Association was required to take space paid for and given exclusively to other owners and award it to plaintiffs. Obviously, this cannot be carried out without affecting the interests of these other owners in the community. By any measure the other owners are indispensible parties, as the court described that term in
 
 Cummings.
 

 We reject plaintiffs’ argument that
 
 Sheoah Highlands, Inc. v. Daugherty,
 
 837 So.2d 579 (Fla. 5th DCA 2003), supports the absence of the other owners. In that case several owners had built screened enclosures intruding into the condominium’s common elements. A single owner sued the Association to perform its duty to enforce the rules against such enclosures. In granting relief, the trial court ordered all the offending enclosures torn down, in spite of the absence of those offending owners in the suit. The order was reversed for failure to join the offending owners. Thus
 
 Sheoah Highlands
 
 actually supports the Association’s argument that all owners should have been parties to this action.
 

 Surely the class of absent owners is not so large that joinder is impractical. Neither does it appear that any of the absent owners is a fugitive from justice as in
 
 Glancy v. First Western Bank,
 
 802 So.2d 498 (Fla. 4th DCA 2001). We perceive no practical barrier to joining all the owners if the dock space is to be reallocated. All should be made parties and the case tried anew. The other issues can then be revisited.
 

 Reversed for consistent proceedings.
 

 POLEN and GERBER, JJ., concur.