WHATLEY, Judge.
 

 David and Anneliese Tedeschi filed this petition for writ of certiorari seeking review of a nonfinal order requiring them to join all of the unit owners of a condominium association as indispensable parties to their declaratory action. This cause of action began when the Tedeschis filed suit against Surf Side Tower Condominium Association (“Surf Side”), asking the circuit court to determine their right to parking space number eighty-two in their condominium’s parking lot and also asking the court for compensation for the time period during which Surf Side used the parking space as a guest space.
 
 [1]
 
 We conclude that the circuit court’s order requiring the Ted-eschis to bring the suit against all of the condominium owners departs from the essential requirements of the law and results in material injury for the remainder of the proceedings for which there is no adequate remedy on appeal, and we therefore grant their petition.
 
 See Martin-Johnson, Inc. v. Savage,
 
 509 So.2d 1097, 1099 (Fla.1987) (holding that certiorari review of nonfinal orders is limited to orders that depart from the essential requirements of the law and result in material injury for the remainder of the proceedings for which there is no adequate remedy on appeal).
 

 Essential Requirements of the Law
 

 In their complaint, the Tedeschis allege that when they purchased their condominium in 1979, they were assigned parking space number eighty-two. In 1984, the Tedeschis purchased another parking space in the condominium’s covered garage, and in 1993, they received a letter from Surf Side informing them that parking space number eighty-two would be converted to a guest space'. Pursuant to a request by the Tedeschis, the president of Surf Side’s board of directors reassigned the parking space to the Tedeschis in Oe-
 
 *917
 
 tober 2005. However, at a subsequent board meeting, Surf Side decided that the assignment of the parking space back to the Tedeschis had been improper and on October 1, 2006, it once again designated the space as a guest parking space.
 

 Surf Side and Schropp filed a motion for judgment on the pleadings, arguing that the Tedeschis were required to join all of the condominium unit owners in the suit because the unit owners were indispensable parties. The circuit court agreed and entered an order dismissing the Tedeschis’ complaint with leave to amend to add the indispensable parties. We conclude that this order departs from the essential requirements of the law.
 

 In
 
 Graves v. Ciega Verde Condominium Ass’n,
 
 703 So.2d 1109, 1111 (Fla. 2d DCA 1997), the appellant sued all the unit owners of a condominium as a defendant class with the association as the class representative. The complaint sought to foreclose a mechanic’s lien against the unit owners and also sought to recover damages for breach of contract against the association.
 
 Id.
 
 at 1110. This court held that the circuit court erred in finding that the appellant was required to serve all of the individual members of the class.
 
 Id.
 
 at 1111. This court noted that “an association can sue and be sued, and that by its very nature is appropriately sued as a class when the issues involve the common elements of the condominium property or common issues to each unit owner.”
 
 Id.
 
 at 1112.
 

 Similarly, in
 
 Trintec Construction, Inc. v. Countryside Village Condominium Ass’n,
 
 992 So.2d 277, 277-78 (Fla. 3d DCA 2008), the appellant filed a lien foreclosure complaint and lis pendens against a condominium association in a dispute pertaining to roof repairs it performed on the condominiums. The circuit court dismissed the complaint without prejudice based on its finding that the individual condominium owners were indispensable parties to the lien foreclosure action.
 
 Id.
 
 at 278. The Third District noted that, pursuant to Florida Rule of Civil Procedure 1.221, the association could bring an action against the appellant as a sole plaintiff on behalf of affected condominium owners.
 
 Id.
 
 at 280. Rule 1.221 provides that a condominium association can bring a cause of action
 

 in its name on behalf of all association members concerning matters of common interest to the members, including, but not limited to: (1) the common property, area, or elements; (2) the roof or structural components of a building, or other improvements (in the case of homeowners’ associations, being specifically limited to those improvements for which the association is responsible); (3) mechanical, electrical, or plumbing elements serving a property or an improvement or building (in the case of homeowners’ associations, being specifically limited to those elements for which the association is responsible); (4) representations of the developer pertaining to any existing or proposed commonly used facility;.... If an association has the authority to maintain a class action under this rule, the association may be joined in an action as representative of that class with reference to litigation and disputes involving the matters for which the association could bring a class action under this rule. Nothing herein limits any statutory or common law right of any individual homeowner or unit owner, or class of such owners, to bring any action that may otherwise be available. An action under this rule shall not be subject to the requirements of rule 1.220.
 

 In
 
 Trintec Construction, Inc.,
 
 the Third District exercised its certiorari jurisdiction and held that the appellant could proceed
 
 *918
 
 against the association as the representative of all condominium owners and that it was not required to join the individual unit owners as indispensable parties.
 
 Id.
 
 at 282. The court reasoned that “[j]ust as the Association was empowered to contract for the roof work for the benefit of the unit owners, then, it seems that the Association is the logical entity to manage and defend the lawsuit relating to that work.”
 
 Id.
 
 at 280. The court also noted that the unit owners had the right to intervene in the lawsuit.
 
 Id.
 

 The Fourth District has also addressed this issue in
 
 Four Jay’s Construction, Inc. v. Marina at Bluffs Condominium Ass’n,
 
 846 So.2d 555, 556 (Fla. 4th DCA 2008), wherein the appellant filed suit against a condominium association alleging that the association breached a construction contract, pursuant to which the appellant had installed balcony additions to all of the condominium buildings. As the court did in
 
 Trintec Construction, Inc.,
 
 the Fourth District relied on rule 1.221 in holding that the association could be sued as the representative of condominium unit owners in the action to resolve a controversy of common interest to all units — the structural improvements to common elements.
 
 Id.
 
 at 557;
 
 see also Cooley v. Pheasant Run at Rosemont Condo. Ass’n,
 
 781 So.2d 1182, 1183-84 (Fla. 5th DCA 2001) (holding that, where appellant sued condominium association for injury occurring on common elements, the unit owners had “the right, but not the obligation, to intervene and defend” and that their participation was not up to the plaintiff, even though they were bound by any judgment in the plaintiffs favor).
 

 We note that, pursuant to rule 1.221, Surf Side could bring a cause of action against the Tedeschis in its name on behalf of all association members concerning matters of common interest to the members, including the common property, area, or elements, which would include the parking space. Further, there has been no allegation that the outside parking space at issue has been paid for or assigned to another condominium owner, and therefore, the relief sought affects the common property of the association and not the property rights of another individual. Therefore, the Tedeschis may sue Surf Side as the representative of all condominium unit owners. As noted by the Tedeschis, the other unit owners have the right, but not the obligation, to intervene in the lawsuit.
 

 In their motion and on appeal, Surf Side and Schropp rely on a Fourth District case that at first glance appears similar to the present one. In
 
 Stevens v. Tarpon Bay Moorings Homeowners Ass’n,
 
 15 So.3d 753, 754 (Fla. 4th DCA 2009), two town-home owners sued their homeowners association, asking the court to issue an injunction directing that the two owners had a right to space on a community dock. In
 
 Stevens,
 
 the Fourth District held that the two owners should have joined all of the other townhome owners as parties.
 
 Id.
 
 It reasoned that the other owners were indispensable parties because, if the two owners were granted relief, such would affect the interest of all the other owners.
 
 Id.
 
 The Fourth District held as follows:
 

 Here, the trial court ordered the Association to assign 10 feet of canal dock space to each plaintiff. All of that dock space had already been given to other owners, who paid construction costs for their interest, or as guest space open to all owners in the Community. Thus, in order to assign the 10-feet spaces to plaintiffs, the Association was required to take space paid for and given exclusively to other owners and award it to plaintiffs. Obviously, this cannot be car
 
 *919
 
 ried out without affecting the interests of these other owners in the community.
 

 Id.
 
 at 754-55.
 

 The court in
 
 Stevens
 
 cited to
 
 Sheoah Highlands, Inc. v. Daugherty,
 
 837 So.2d 579, 580 (Fla. 5th DCA 2003), in which the owner of a condominium unit brought suit against the condominium association, alleging that the association allowed five owners to build screened enclosures on the condominium’s common property. The circuit court entered an order requiring the association to remove two of the screened enclosures.
 
 Id.
 

 In
 
 Sheoah Highlands, Inc.,
 
 the Fifth District reversed the circuit court’s order because the order affected the property rights of condominium owners who were not parties to the litigation.
 
 Id.
 
 at 583. The court held that a circuit court “is without jurisdiction to issue an injunction which would interfere with the rights of those who are not parties to the action.”
 
 Id.
 
 We note that in both
 
 Sheoah Highlands, Inc.
 
 and
 
 Stevens,
 
 the orders affected the property of individual condominium owners. In
 
 Sheoah Highlands, Inc.,
 
 the order required the association to remove screened enclosures, which were the property of their individual owners. Similarly, in
 
 Stevens,
 
 the circuit court order required the association to take dock space, which had been paid for and given to other town-home owners, and award it to the appellants.
 

 As noted by the Tedeschis, those cases involving the interest of an association, as compared to a property owner’s individual and unique property interest as in
 
 Sheoah Highlands, Inc.
 
 and
 
 Stevens,
 
 have held that a plaintiff may bring suit against the association and is not required to include all individual members of the association. Here, the order affects a parking space which is the common property of Surf Side, and therefore, the Tedeschis could bring their suit against Surf Side as the representative of all the condominium unit owners. The circuit court departed from the essential requirements of the law by requiring the Tedeschis to include the more than eighty other members of the condominium association in their lawsuit over a parking space.
 

 Material Injury for the Remainder of the Proceedings
 

 The Tedeschis contend that they will suffer material injury for the remainder of the proceedings for which there is no adequate remedy on appeal, because the circuit court order requires them to file the lawsuit against over eighty additional parties. In
 
 Parkway Bank v. Fort Myers Armature Works, Inc.,
 
 658 So.2d 646, 649-50 (Fla. 2d DCA 1995), this court noted that where the issues to be resolved address procedures designed to avoid litigation, those issues can be reviewed by certiorari. For example, “an order dispensing with a statutorily mandated pre-suit procedure, which is a condition precedent to a legal proceeding,” is reviewable by certiorari “because the purpose of the presuit screening is to avoid the filing of the lawsuit in the first instance.”
 
 Id.
 
 at 649. In
 
 Parkway Bank,
 
 this court further noted that limited certiorari review was permitted to consider cases involving “the statutory procedures for amending a complaint to allege punitive damages because those safeguards cannot be remedied post-judgment.”
 
 Id.
 

 In
 
 Trintec Construction, Inc.,
 
 992 So.2d at 280, the court concluded that “the cost and delay inherent in identifying, pleading against, and serving a multitude of owners (and then substituting a new owner for a predecessor during the pen-dency of the case as units are sold or otherwise transferred) would be substantial.”
 
 See also Mantis v. Hinckley,
 
 547 So.2d 292, 293 (Fla. 4th DCA 1989) (con-
 
 *920
 
 eluding that circuit court erred in denying motion to dismiss where mortgagee failed to join a dissolution receiver as an indispensable party, and therefore, the petitioners established the circuit court departed from the essential requirements of law and there was a lack of an adequate remedy on appeal).
 
 But cf. Fresh Del Monte Produce, N.V. v. Chiquita Int’l, Ltd.,
 
 664 So.2d 263, 264 (Fla. 3d DCA 1995) (“[W]e decline to grant certiorari on the order denying petitioner’s motion to dismiss for failure to join an indispensable party and the order denying motion for abatement or stay of proceedings.”). Here, the circuit court’s order improperly requires the Ted-eschis to file their complaint against over eighty additional defendants, which would cause a material injury for the remainder of the proceedings for which there is no adequate remedy on appeal.
 
 Trintec Constr., Inc.,
 
 992 So.2d at 280.
 

 Accordingly, we grant the Tedeschis’ petition for writ of certiorari and quash the order of the circuit court.
 

 VILLANTI and WALLACE, JJ„ Concur.
 

 [1]
 

 . Charles P. Schropp, as owner of a condominium at Surf Side, was permitted to intervene in the suit.