GRIFFIN, J.
Generation Investments, LLC [“Generation”], appeals the trial court’s order denying in part, and granting in part, Generation’s motion for relief from judgment as well as the amended final judgment granting injunctive relief in favor of Formosa Gardens Master Property Owners’ Association, Inc, [“the Association”], George Chen [“Chen”], and Al-Jumaa, Inc. [“Al-Jumaa”], [collectively “Respondents”]. Generation contends that it was error to enter the injunction because Generation was an indispensable party to the action, but was not joined as a party. Respondents have filed a motion to dismiss, contending that Generation lacks standing to appeal because it was not a party to the action below. We elect to treat the notice of appeal as a petition for writ of certiora-ri. An appellate court has certiorari jurisdiction where a nonparty seeks relief from an order and its nonparty status would otherwise deprive the nonparty of an adequate remedy by direct appeal. See Dep’t of Corr. v. Grubbs, 884 So.2d 1147, 1147 (Fla. 2d DCA 2004).
In January 2009, Formosa and Chen filed a complaint against Al-Jumaa for injunctive relief, seeking to enforce covenants and restrictions contained in a Master Declaration. Formosa and Chen requested that the trial court enter an injunction:
1. Requiring the Defendant to repaint the exterior of the building and return the condition of the exterior of the build *373 ing to its originally approved condition or to a condition that is approved by the Association;
2. Requiring the Defendant to remove any signs and to enjoin Defendant from placing new signs, balloons, or other advertisements on the Property in the future without first obtaining approval of the Association;
3. Requiring the Defendant to maintain the landscaping of the Property in good repair and in a safe, clean, wholesome and attractive manner, and to perform such maintenance on a weekly basis;
4. Requiring the Defendant to maintain its garbage and trash containers in a walled off area so that they are not visible from any adjoining property or right-of-ways.
5. Requiring the Defendant to stop conducting any timeshare sales or promotions to occur from or at the Property-
On June 23, 2009, the trial court entered a final judgment granting injunctive relief in which it ordered in pertinent part:
a.Defendant, Al-Jumaa, and any person claiming possession or use of the Property by or through Defendant, are hereby permanently enjoined from allowing any timeshare sales to occur from or at the Property. Defendant shall take such reasonable measures as may be necessary to enforce this injunction on any tenants or other persons occupying the Property. The Court reserves jurisdiction to enforce the injunction entered herein by issuing an appropriate order, after reasonable notice of the violation and an opportunity to be heal’d, against any person who violates the injunction and by issuing an order directing the Sheriff of Osceola County to close or shut down any business operations in violation of this injunction.
b. Defendant, Al-Jumaa, and any person claiming possession or use of the Property by or through Defendant, are hereby ordered to remove any signs, flags, banners, or balloons from the Property that have not been approved by the Association and are enjoined from installing any new signs, flags, banners or balloons unless they are approved by the Association....
c. Defendant, A1 Jumaa, and any person claiming possession or use of the Property by or through Defendant, are hereby ordered to repaint the building in manner that is approved by the Association on or before June 29, 2009. Defendant shall take such reasonable measures as may be necessary to enforce this injunction on any tenants or other persons occupying the Property. Defendant, A1 Jumaa, and any person claiming possession or use of the Property by or through Defendant, are required to obtain written approval of the new paint scheme, colors and design from the Association prior to beginning any work....
On July 13, 2009, Generation filed a motion for relief from this judgment, seeking to have the trial court enter an order setting it aside or, alternatively, clarifying that the final judgment may not be enforced against it. Generation alleged in part:
2. Generation is a tenant on the property. On July 6, 2009, Plaintiffs sent a letter to Generation, a copy of which is marked “Exhibit A” and attached hereto. Based on the Final Judgment, Plaintiffs have threatened: to have this Court hold Generation in contempt and to fine Generation if Generation does not comply with the demands in the letter; to have the sheriff shut down Generation[’]s business; to forcibly remove items from Generation[’]s property; to *374 paint over Generation[’]s advertisements.
3. The instant action is not the first time that Plaintiff, George Chen (Chen), has attempted to obtain an injunction regarding the property. In CI-05-OC-2060, Plaintiffs filed suit against several people, including, Generation. The basis for the 2005 suit was the same as the instant matter. Plaintiffs sought to enforce the same restrictive covenants regarding the use of the property. Generation could not be subject to the restrictive covenants because it was in possession of the land under a lease that predated the restrictive covenants. Chen voluntarily dismissed his case after learning that he could not enforce the restrictive covenants against Generation.
4. Prior to Plaintiffs filing the instant case, they had been advised that Generation occupied the property and that Generation held the property under a lease that predated the restrictive covenants. Plaintiffs filed this action without joining Generation, without informing the court that Generation occupied the property, and failed to disclose that ... Generation held the property under a lease that predated the restrictive covenants.
5. A court may relieve a party from the effect of a final judgment because of fraud by the adverse party. Rule 1.540(b)(3), Fla.R.Civ.P.
6. A court may relieve a party from the effect of a final judgment if the final judgment is void. Rule 1.540(b)(4), Fla. R.Civ.P.
[[Image here]]
10. Plaintiff has used this Court to enforce a restrictive covenant that it knew was unenforceable against Generation. Plaintiff knew that Generation has rights under a lease that predate the restrictive covenants, but chose not to make Generation a party. Plaintiff knowingly withheld information from this Court and requested a Final Judgment that contained express reference to Generation’s rights as a tenant.
The trial court conducted a hearing on Generation’s motion, at which counsel for Formosa and Chen acknowledged that Generation was purposely not named in the complaint:
The reason for that in the complaint is the declaration is enforceable against the owner. It’s the owner’s responsibility to comply with the terms of the declaration, including the signage, including the changes to the exterior of the building, and including the time-share restrictions ....
[[Image here]]
So the decision not to name the tenants was done purposely because I don’t think that an association or George Chen should be required to specifically name the tenant who might be occupying the property at that time to obtain an enforceable judgment. He gets a judgment against the owner.
The trial court ruled:
1. The Motion is GRANTED in part. The Court shall enter an Amended Final Judgment Granting Injunctive Relief clarifying that the injunction being entered by this Court is against the Defendant, AL-JUMAA, Inc., not against the tenants who may be occupying the property.
2. The Motion is DENIED in all other respects.
The record reveals that Generation, as the tenant of the property, painted the building, displayed signs, flags, banners, and balloons on the property, and sold timeshares from the property. Al-Jumaa, as the owner of the property, is required *375 under the injunction to repaint the building, to stop the sale of tiraeshares from the property, and to remove the signs, flags, banner, and balloons from the property. Because the injunction requires Al-Jumaa to take steps to change the way in which the property is being used, and Generation is the entity using the property in a way that will be altered by the injunction, the injunction cannot be carried out without affecting Generation’s use of the property.
Generation relies on several authorities, including Alger v. Peters, 88 So.2d 903 (Fla.1956), Sheoah Highlands, Inc. v. Daugherty, 837 So.2d 579 (Fla. 5th DCA 2003) and Stevens v. Tarpon Bay Moorings Homeowners Ass’n Inc., 15 So.3d 753 (Fla. 4th DCA 2009), for the proposition that the impact of the injunction makes them an indispensible party to the action.
In Alger, six tenants appealed a contempt order that had been entered against them. 88 So.2d at 905. One of the tenants’ contentions addressed by the Florida Supreme Court was whether an injunction decree “was absolutely void for the asserted reason that [the tenants] were ‘indispensable’ parties to the original case and that the court could not proceed to a valid final decree in the absence of indispensable parties.” Id. at 908. The Florida Supreme Court found that the tenants “were not indispensable to an ultimate adjudication of the relative rights” of the parties to the original cause of action, namely the property ownerflessor and lessee, but that the rights of the tenants could not be determined unless they were joined and as to them the decree was ineffective and of no force.[1] Id. The Alger court further explained:
While it is true that an injunction decree may affect a particular res and to that extent may in some measure assume the proportion of a decree in rem that thereafter ‘runs with the land’, we do not consider such an application of the decree before us as being justifiable insofar as the particular leases of these [tenants] are concerned. In the case at bar the rights of the [tenants] came into being before the decree was entered. If the leases to them had been executed after the decree, then they would have acquired their property rights subject to the limitations of the decree. The latter, however, was not the case. Their rights were fixed and established before the decree was entered and they could not be deprived of them by the entry of a decree in a cause to which they were not parties. On the proper interpretation of Equity Rule 72 see Barron and Holtzoff, Federal Practice and Procedure, Sec. 1511; and Moore’s Federal Practice, Sec. 71.04.
Id. at 906-07 (emphasis in original).
In Sheoah, this Court addressed the issue of indispensable parties in relation to entry of an injunction:
A court is without jurisdiction to issue an injunction which would interfere with the rights of those who are not parties to the action. An injunction can lie only when its scope is limited in effect to the rights of parties before the court. Street v. Sugerman, 177 So.2d 526 (Fla. 3d DCA 1965); Fontainebleau Hotel Corp. v. City of Miami Beach, 172 So.2d 255 (Fla. 3d DCA 1965). “The general rule in equity is that all persons materially interested, either legally or beneficially, in the subject-matter of a suit, must be made parties either as complainants or defendants so that a com- *376 píete decree may be made binding upon all parties.” Oakland Props. Corp. v. Hogan, 96 Fla. 40, 117 So. 846, 848 (1928) (emphasis added). See Robinson v. Howe, 35 Fla. 73, 17 So. 368, 370 (1895); Brady v. Myers, 413 So.2d 466, 467 (Fla. 4th DCA 1982).
837 So.2d at 583. In Sheoah, we found that the trial court had erred by entering an injunction that required a condominium’s governing association to remove enclosures that had been built by two unit-owners who were not parties to the litigation:
Here, Daugherty sued the Association and the members of the board of the Association in their representative capacities. He did not sue the members of the board in their individual capacities or those who own the enclosures; yet, the relief awarded by the trial court requires the Association to remove the enclosures at units 40-25 and 40-29, the property of persons not parties to the suit. Although the injunctive relief awarded in the trial court’s amended final judgment is directed only to the Association, it cannot be said that the removal of the enclosures by Association would not affect and interfere with the rights of the owners of these units. Because the injunction affects the rights of persons not before the court, it was error for the trial court to order the removal of the enclosures in the amended final judgment. On remand, the trial court should direct the Association to enforce the provisions of the declaration of condominium and to take all appropriate action to remove the enclosures adjacent to units 40-25 and 40-29, as Daugherty requested in his amended complaint.
Id. at 583 (footnote omitted).
Recently, in Stevens, the Fourth District Court of Appeal found that other owners in a community of related homes were indispensable parties to an action wherein the trial court ordered the homeowners association to assign ten feet of canal dock space to each of two plaintiffs who were also owners in the community. 15 So.3d at 754. The Fourth District explained:
All of that dock space had already been given to other owners, who paid construction costs for their interest, or as guest space open to all owners in the Community. Thus, in order to assign the 10-feet spaces to plaintiffs, the Association was required to take space paid for and given exclusively to other owners and award it to plaintiffs. Obviously, this cannot be carried out without affecting the interests of these other owners in the community. By any measure the other owners are indispen-sible parties, as the court described that term in Cummings.[2]
Id. at 754-55.
Because we conclude Generation was an indispensable party to the action, we vacate the order.
Order VACATED.
ORFINGER and TORPY, JJ., concur.

. In Alger, the Florida Supreme Court refers to South Dade Farms, Inc. v. Peters, 88 So.2d 891 (Fla.1956) for purposes of "presenting] the factual basis for th[e] opinion.” 88 So.2d at 905.

. Fla. Dep't of Revenue v. Cummings, 930 So.2d 604, 607 (Fla.2006).