PER CURIAM.
The appellants, unit owners in a boating community homeowners’ association, chai- *221 lenged the alleged improper allocation and assignment of dock space by the association. The facts underlying this case were outlined in Stevens v. Tarpon Bay Moorings Homeowners Ass’n, 15 So.3d 753, 754 (Fla. 4th DCA 2009) (Stevens I). There, this court reversed a judgment in favor of appellants and ruled that the action against the association must be dismissed for failure to join certain individual unit owners as indispensable parties. Here, after the individual unit owners were joined, the trial court dismissed the lawsuit against them, finding that it was filed after the five-year statute of limitations period for injunctive relief had run. See § 95.11(2)(b), Fla. Stat. (2009). We have considered the arguments presented on appeal and affirm without discussion, except to point out that our earlier decision did not reach the statute of limitations issue as to the individual unit owners as would-be defendants. Although the court in Stevens I noted that “[w]e perceive no practical barrier to joining all the owners if the dock space is to be reallocated,” it was not the intention of the court to pre-deter-mine the validity of any of the individual defendants’ potential legal defenses. 15 So.3d at 755. The court was simply not presented with that question.
Accordingly, the summary judgment in favor of the individual defendants is affirmed.

Affirmed.

POLEN, STEVENSON, JJ., and BONAVITA, AUGUST, Associate Judge, concur.