# Third District Court of Appeal

## State of Florida

Opinion filed February 25, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2324
Lower Tribunal No. 14-21513
_____

## Two Islands Development Corporation, NI Holdings, LLC, and Last Lot Corporation,
Appellants,

vs.

## David L. Clarke, Dara H. Clarke, Dan E. Kleiman, Sheila Kleiman and Alan Reyf,
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Jerald Bagley, Judge.

Richman Greer, P.A., and Gerald F. Richman; Shubin & Bass, P.A., and John K. Shubin, Juan J. Farach, Deana D. Falce, and Katherine R. Maxwell, for appellants.

Coffey Burlington, P.L, and Robert K. Burlington and Susan E. Raffanello, for appellees.

Before SUAREZ, LAGOA, and LOGUE, JJ.

LAGOA, J.

Appellants, Two Islands Development Corporation ("Two Islands"), NI Holdings, LLC ("NI"), and Last Lot Corporation ("Last Lot"), (collectively, "Appellants"), appeal from an order granting Appellees David L. Clarke, Dara H. Clarke, Dan E. Kleiman, Sheila Kleiman, and Alan Reyf's (collectively "Appellees") Emergency Motion for Temporary Injunction prohibiting Appellants from constructing a paver sidewalk along the outer boundaries of Appellees' residential property lots. For the reasons set forth below, we vacate the trial court's September 22, 2014 order and remand for further proceedings.

I.    FACTUAL & PROCEDURAL HISTORY

In July 1991, two islands off the coast of Aventura, Florida, were platted as "Two Islands in Dumfoundling Bay" (the "Original Plat"). The southernmost island (the "South Island") was re-platted as "Island Estates" (the "Re-Plat"). The City of Aventura (the "City") granted administrative site plan approval for the residential development of the "Island Estates" subdivision. As part of this approval, the City granted a non-use variance ("Resolution No. 98-77" or the "Resolution") waiving the requirement that a sidewalk be constructed on both the north and south side of Island Estates Drive, and only requiring a sidewalk to be constructed on the north side of the street. The Resolution also required that a covenant be recorded mandating the construction of a sidewalk on the south side of the street "if the second (north) island should be developed with residential units

2

other than single-family homes." Appellant Two Islands developed the South Island into the "Island Estates" subdivision, including twenty-one single-family residences and a marina. Two Islands ultimately assigned developer's rights to Appellants NI and Last Lot in order for all three entities—Two Islands, NI, and Last Lot—to have "developer" rights under the governing Declaration of Covenants and Restrictions for Island Estates (the "Declaration").

Appellees own residential property in the "Island Estates" subdivision on the South Island. The Re-Plat of the South Island depicts a ten-foot utility easement running across the outer boundary of each lot along both the north and south side of Island Estates Drive, including the individual lots owned by Appellees. The Re-Plat's restrictions reserve this ten-foot area "for installation and maintenance of public utilities."

The City subsequently approved a luxury condominium project for the development of 160 units in two, fifteen-story towers on the northernmost island (the "North Island") called "Privé at Island Estates." Non-party Trust No. 75-LT-21 (the "Trust"), through its Trustee Gary Cohen, is the owner of the North Island, and non-party Privé Developers, LLC ("Privé Developers") is the developer of the Privé at Island Estates project on the North Island.

Pursuant to the requirements of Resolution No. 98-77, Appellants filed a permit application with the City in December 2013, seeking to construct a sidewalk

3

on the south side of Island Estates Drive within the ten-foot utility easement area on each of the residential lots. The sidewalk in the easement area was substantially completed on twelve of the fifteen total lots.

On August 19, 2014, Appellees, the property owners of the three remaining lots, filed an Emergency Motion for Temporary Injunction to challenge the imminent construction of the four-foot paver sidewalk along the outer boundaries of Appellees' three property lots. At the evidentiary hearing on September 22, 2014, counsel for Appellants made an *ore tenus* motion for the Trust and Privé Developers, given their interest in the North Island, to intervene in the underlying proceedings. Counsel asserted that Appellants had presented testimony regarding "the direct and immediate and substantial impact" on the interests of both the Trust and Privé Developers, and that they were necessary, indispensable parties. The trial court denied counsel's motion, stating that it would prejudice Appellees to allow the Trust and Privé Developers to intervene at that time.

On September 22, 2014, the trial court entered a temporary injunction enjoining Appellants from proceeding with the installation of the sidewalk within the ten-foot easement area running along the outer boundary of Appellees' three lots. The trial court's order required each Appellee to post a bond in the amount of $20,000.

## II.    ANALYSIS

Appellants argue that the Trust, the owner of the North Island, and Privé Developers, the developer of the North Island, are indispensable parties to the instant action, and that the trial court abused its discretion in denying Appellants' *ore tenus* motion for the owner and developer to intervene.  We agree.

Appellees contend that their action did not seek relief against the Trust or Privé Developers; rather, it was an action to protect Appellees' private, residential lots against a trespass by Appellants, and to preclude Appellants from carrying out any construction activity on land owned by Appellees.  While Appellees accurately characterize the relief sought in the Verified Complaint for Declaratory and Injunctive Relief, we find Appellees' argument unpersuasive.  The trial court's temporary injunction effectively results in delaying construction of the North Island project, as the City's approval of the Privé Development expressly conditioned the issuance of a building permit on the completion of the second sidewalk on the South Island.  However, the southern portion of the sidewalk on the South Island cannot be completed while the temporary injunction is in effect, thus frustrating the issuance of the building permit for the Privé Development on the North Island.  The trial court did not order Appellees to pursue an application for a waiver of the condition imposed in Resolution No. 98-77; it simply prohibited Appellants from constructing a four-foot paver sidewalk, without giving those

5

whose rights are being interfered with—the owner and developer of the North Island—an opportunity to be heard.

"A court is without jurisdiction to issue an injunction which would interfere with the rights of those who are not parties to the action. An injunction can lie only when its scope is limited in effect to the rights of parties before the court." Sheoah Highlands, Inc. v. Daugherty, 837 So. 2d 579, 583 (Fla. 5th DCA 2003) (citing Street v. Sugerman, 177 So. 2d 526, 527 (Fla. 3d DCA 1965), and Fontainebleau Hotel Corp. v. City of Miami Beach, 172 So. 2d 255, 256 (Fla. 3d DCA 1965)); see also Generation Invs., LLC v. Al-Jumaa, Inc., 53 So. 3d 372, 375 (Fla. 5th DCA 2011). Stated otherwise, "'[t]he general rule in equity is that all persons materially interested, either legally or beneficially, in the subject-matter of a suit, must be made parties either as complainants or defendants so that a *complete decree* may be made binding upon all parties.'" Sheoah, 837 So. 2d at 583 (quoting Oakland Props. Corp. v. Hogan, 117 So. 846, 848 (Fla. 1928)); see also Stevens v. Tarpon Bay Moorings Homeowners Ass'n Inc., 15 So. 3d 753, 754 (Fla. 4th DCA 2009). A party is "materially interested" or "indispensable" when it is "impossible to completely adjudicate the matter without affecting either that party's interest or the interests of another party in the action." Fla. Dep't of Revenue v. Cummings, 930 So. 2d 604, 607 (Fla. 2006) (citing Hertz Corp. v. Piccolo, 453 So. 2d 12, 14 n. 3 (Fla. 1984) (describing indispensable parties as

6

ones so essential to a suit that no final decision can be rendered without their joinder), and Bastida v. Batchelor, 418 So. 2d 297, 299 (Fla. 3d DCA 1982) ("An indispensable party [is] one without whom the rights of others cannot be determined.")); see also Stevens, 15 So. 3d at 754.

We conclude that the temporary injunction directly interferes with the rights of parties who were not before the trial court, and who were specifically not permitted to intervene. The relief awarded by the trial court delays the Trust's and Privé Developers's receipt of a building permit for the development of North Island. Significantly, nearly sixty of the Privé Development's condominiums are already under contract for sale, many of which are contingent upon the issuance of the building permit, and the closing of a $145 million loan for the Privé Development cannot proceed in the absence of the building permit.

Although the injunctive relief awarded in the trial court's final judgment is directed only at Appellants, prohibiting the construction of the paver sidewalk on Appellees' property affects and interferes with the rights of the Trust and Privé Developers, given their interest in the North Island. Accordingly, the impact of the temporary injunction on the Trust and Privé Developers makes them an indispensable party to the action. See Generation Invs., 53 So. 3d at 375; see also Stevens, 15 So. 3d at 754-55; Leighton v. First Universal Lending, LLC, 925 So. 2d 462,464-65 (Fla. 4th DCA 2006). Because the trial court's ruling affects the

7

rights of persons not before the court, we vacate the temporary injunction and hold that it was error for the trial court to deny Appellant's *ore tenus* motion for the Trust and Privé Developers to intervene in the underlying proceedings.

On remand, if Appellees are again successful in obtaining a temporary injunction, the trial court must "promptly set the bond in an appropriate amount after providing the parties to the litigation and the interested nonparties with an opportunity to be heard" on the issue of foreseeable damages to not only Appellants, but also to the Trust and Privé Developers. Forrest v. Citi Residential Lending, Inc., 73 So. 3d 269, 280 (Fla. 2d DCA 2011); see also Fla. R. Civ. P. 1.610(b) ("No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined.").

III.    CONCLUSION

Accordingly, for the reasons stated, we conclude that the trial court erred in issuing the temporary injunction without joining indispensable parties, and we reverse the September 22, 2014 order entered below and remand for further proceedings consistent with this opinion. We express no opinion on the merits of the remaining issues raised on appeal by appellants.

REVERSED AND REMANDED.