# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2703
_____

LEON COUNTY, FLORIDA,

    Petitioner,

    v.

LAKESHORE GARDENS
HOMEOWNERS' ASSOCIATION,
INC., a Florida not for profit
corporation; LAKESHORE
GARDENS HOMEOWNERS'
ASSOCIATION, INC., a Florida not
for profit corporation, as the
representative for the class of all
lot owners of Lakeshore
Gardens, as per plat thereof
recorded in Plat Book 12, Page
2, of the Official Records of Leon
County, Florida; LEON COUNTY
TAX COLLECTOR; and LEON
COUNTY PROPERTY APPRAISER,

    Respondents.

_____


Petition for Writ of Certiorari—Original Jurisdiction.

February 28, 2019

PER CURIAM.

Leon County has filed a petition for writ of certiorari in this Court seeking review of the circuit court's nonfinal order granting the motion to dismiss its Petition in Eminent Domain filed by Lakeshore Gardens Homeowners' Association, Inc. Through its petition filed below, Leon County sought to exercise its eminent domain authority over certain common area property in the Lakeshore Gardens neighborhood for use as an easement. The neighborhood reportedly has more than 100 property owners, all of which have an interest in the common area.

The circuit court dismissed the petition on the basis it was reliant only upon Florida Rule of Civil Procedure 1.221 in naming the homeowners association rather than joining, as indispensable parties, each individual property owner as specified in section 73.021, Florida Statutes. In granting the association's motion to dismiss, the circuit court ruled that while the homeowners association contended "it does not have authority to act on behalf of the homeowners . . . at this stage of the proceedings, it is more significant that the [petition] contain[ed] no allegations that the Association has the needed legal authority." Accordingly, the circuit court granted Leon County twenty days to submit an amended petition, presumably to list "[t]he names, places of residence, legal disabilities, if any, and interests in the property of all owners . . . " in the affected area, as prescribed by section 73.021(4), Florida Statutes.

We grant Leon County's petition for writ of certiorari. Despite the general directions in section 73.021(4) for naming indispensable parties, section 720.303(1), Florida Statutes, provides in relevant part that "the [homeowners] association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all members concerning matters of common interest to the members . . . [and] *may defend* actions in eminent domain or bring inverse condemnation actions." (Emphasis added.) In like manner, rule 1.221 expressly permits a homeowners association to "institute, maintain, settle, or appeal actions or hearings in its name on behalf of all association members concerning matters of common interest to the members, including, but not limited to: . . . (6) defense of actions in eminent domain or

2

prosecution of inverse condemnation actions." Because, to date, Florida's appellate courts have not addressed the propriety of naming the homeowners association as the sole party representing the class of homeowners under the statute and rule just cited, we turn to the decisions of the Second District in *Tedeschi v. Surf Side Tower Condominium Ass'n*, 35 So. 3d 915 (Fla. 2d DCA 2010), and the Third District in *Trintec Construction Inc. v. Countryside Village Condominium Ass'n*, 992 So. 2d 277 (Fla. 3d DCA 2008). Both *Tedeschi* and *Trintec Construction* addressed the issue as it relates to condominium associations in the context of petitions for writs of certiorari and both held that rule 1.221 authorizes a plaintiff to name only the condominium association, rather than having to name all the condominium unit owners as indispensable parties. We apply the logic expressed in *Tedeschi* and *Trintec Construction* to reach the same conclusion in the instant case.

As a preliminary matter,

> [b]efore a court may grant certiorari relief from the denial of a motion to dismiss, the petitioner must establish the following three elements: "'(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.'"

*Williams v. Oken*, 62 So. 3d 1129, 1132 (Fla. 2011) (quoting *Reeves v. Fleetwood Homes of Fla., Inc.*, 889 So. 2d 812, 822 (Fla. 2004) (quoting *Bd. of Regents v. Snyder*, 826 So. 2d 382, 387 (Fla. 2d DCA 2002))). "The last two elements are jurisdictional and must be analyzed before the court may even consider the first element." *Id.*

In *Tedeschi*, the Second District held that by failing to acknowledge the provisions of rule 1.221, "[t]he circuit court departed from the essential requirements of the law by requiring the [petitioners/plaintiffs] to include the more than eighty other members of the condominium association in their lawsuit . . . ." 35 So. 3d at 919. Significantly, it went on to find that the circuit court's order improperly requiring the petitioners/plaintiffs "to file their complaint against over eighty additional defendants, [] would cause a material injury for the remainder of the proceedings for which there is no adequate remedy on appeal." *Id.* at 920 (citing *Trintec Constr., Inc.*, 992 So. 2d at 280). The Second District

3

expressed its logic in the following discussion of case law, including *Trintec Construction*:

> In *Parkway Bank v. Fort Myers Armature Works, Inc.*, 658 So. 2d 646, 649-50 (Fla. 2d DCA 1995), this court noted that where the issues to be resolved address procedures designed *to avoid* litigation, those issues can be reviewed by certiorari. For example, "an order dispensing with a statutorily mandated presuit procedure, which is a condition precedent to a legal proceeding," is reviewable by certiorari "because the purpose of the presuit screening is to avoid the filing of the lawsuit in the first instance." *Id.* at 649. In *Parkway Bank*, this court further noted that limited certiorari review was permitted to consider cases involving "the statutory procedures for amending a complaint to allege punitive damages because those safeguards cannot be remedied postjudgment." *Id.*
>
> In *Trintec Construction, Inc.*, 992 So. 2d at 280, the court concluded that "the cost and delay inherent in identifying, pleading against, and serving a multitude of owners (and then substituting a new owner for a predecessor during the pendency of the case as units are sold or otherwise transferred) would be substantial." *See also Mantis v. Hinckley*, 547 So. 2d 292, 293 (Fla. 4th DCA 1989) (concluding that circuit court erred in denying motion to dismiss where mortgagee failed to join a dissolution receiver as an indispensable party, and therefore, the petitioners established the circuit court departed from the essential requirements of law and there was a lack of an adequate remedy on appeal).

*Id.* at 919-20 (emphasis added).

We perceive no legal impediment to applying the rationales expressed in *Tedeschi* and *Trintec Construction* to cases involving homeowners associations. Accordingly, in the present case, we conclude that by dismissing Leon County's petition for failure to join indispensable parties—namely, all one hundred or more of the property owners—the circuit court departed from the essential requirements of the law by failing to apply Section 720.303(1) and

4

rule 1.221, which would permit Lakeshore Homeowners' Association, Inc., to be named as the proper party to defend against an eminent domain proceeding on behalf of the individual homeowners. Moreover, as in *Tedeschi* and *Trintec Construction,* we hold the circuit court's action in dismissing Leon County's petition for failure to join indispensable parties caused a material injury to Leon County for which there would be no adequate remedy on appeal.

Consequently, for the reasons expressed, we grant Leon County's petition for writ of certiorari and quash the order of the circuit court.

RAY, KELSEY, and JAY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Daniel J. Rigo and Katherine Vernet, Assistant County Attorneys, Tallahassee, for Petitioner.

John A. Grant of The Law Office of John A. Grant, P.A, Tallahassee; Edwin R. Hudson of Henry Buchanan, P.A., Tallahassee, for Respondent Lakeshore Gardens Homeowners' Association, Inc.

5