# Third District Court of Appeal

## State of Florida

Opinion filed October 25, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0535
Lower Tribunal No. 22-10780
_____

**L&K Creation, LLC, etc., et al.,**
Appellants,

vs.

**White Feather Management, LLC, etc., et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

O'Connor Hernández & Associates, P.A., and Patrick J. O'Connor and Shana Hoo, for appellants.

Barakat + Bossa PLLC, and Brian Barakat, for appellees.

Before EMAS, FERNANDEZ and BOKOR, JJ.

PER CURIAM.

Affirmed. See Alonso-Llamazares v. Int'l Dermatology Rsch., Inc. 339 So. 3d 385, 392 (Fla. 3d DCA 2022) (observing: "The standard of review of trial court orders on requests for temporary injunctions is hybrid. To the extent the trial court's order is based on factual findings, we will not reverse unless the trial court abused its discretion; however, any legal conclusions are subject to de novo review") (quoting Gainesville Woman Care, LLC v. State, 210 So. 3d 1243, 1258 (Fla. 2017)) (additional citations omitted); Briceño v. Bryden Invs., Ltd., 973 So. 2d 614, 616 (Fla. 3d DCA 2008) ("A trial court has wide discretion to grant or deny a temporary injunction and an appellate court will not interfere with the exercise of such discretion unless the party challenging the grant or denial clearly shows an abuse of that discretion" (quoting Perry & Co. v. First Sec. Ins. Underwriters, Inc., 654 So. 2d 671, 671 (Fla. 3d DCA 1995)). See also Two Islands Dev. Corp. v. Clarke, 157 So. 3d 1081, 1083 (Fla. 3d DCA 2015) ("A court is without jurisdiction to issue an injunction which would interfere with the rights of those who are not parties to the action. An injunction can lie only when its scope is limited in effect to the rights of parties before the court.")